■ In the Matter of BLAU-PAR CORP., Doing Business as BUBBLES, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated February 2, 1983, which suspended petitioner's liquor license for a total of 60 days, 30 days to be served forthwith and 30 days to be deferred, and ordered the forfeiture of its bond in the sum of $1,000.

Determination confirmed, without costs or disbursements, and proceeding dismissed on the merits, insofar as it is to review said determination. Insofar as petitioner seeks to challenge the constitutionality of subdivision 6 of section 106 of the Alcoholic

Beverage Control Law and 9 NYCRR 53.1 (r) on their face, the proceeding is converted into an action for a declaratory judgment and it is declared that subdivision 6 of section 106 of the Alcoholic Beverage Control Law and 9 NYCRR 53.1 (r) are constitutional.

Following a hearing before a State Liquor Authority hearing officer, it was determined that petitioner had suffered its licensed premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law by permitting a topless dancer to lick her nipple twice during the course of a performance, an action which was deemed to be lewd and indecent per se and thus violative of 9 NYCRR 53.1 (r) (1), which was promulgated under the authority of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Additionally, petitioner was found to have also violated the prohibition against nude dancing contained in 9 NYCRR 53.1 (r) (2).

Petitioner contends that these determinations were not based on substantial evidence and that, in any event, the applicable statute and regulations are constitutionally infirm.

Initially, we conclude that the factual determinations made by the hearing officer and subsequently adopted by the State Liquor Authority are based upon substantial evidence and thus cannot be set aside by this court (*Matter of Salem Inn v New York State Liq. Auth.*, 43 NY2d 713). As to petitioner's constitutional arguments, we note that those arguments that are premised upon the contention that State regulation of nude, topless or lewd and indecent dancing in establishments that serve alcoholic beverages is severely circumscribed by the First Amendment to the United States Constitution are without merit. The Supreme Court has held that in light of the powers to regulate alcoholic beverages provided the States by the Twenty-First Amendment, an outright prohibition of all topless dancing in establishments that sell alcoholic beverages does not violate the First Amendment (*New York State Liq. Auth. v Bellanca*, 452 US 714). A fortiori, prohibition or regulation of nude, lewd or indecent dancing patently cannot violate the First Amendment.

As to petitioner's arguments that the prohibition against nude dancing is violative of the State Constitution, we note that although the Court of Appeals has held that an outright prohibition of nonobscene topless dancing violates the guarantee of free expression set forth in section 8 of article I of the New York State Constitution (*Bellanca v New York State Liq. Auth.*, 54 NY2d 228, cert den 456 US 1006), that decision did not extend to nude dancing. Morover, this court has specifically held that the

prohibition against nude dancing set forth in 9 NYCRR 53.1 (r) (2) remains valid despite the initial Court of Appeals decision in *Bellanca v New York State Liq. Auth.* (50 NY2d 524, revd 452 US 714, *supra,* on remand 54 NY2d 228, *supra*) which had held the outright ban on topless dancing to be violative of the First Amendment to the United States Constitution (*Matter of Highway Tavern Corp. v McLaughlin,* 105 AD2d 122; *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603). We see no justification for reaching a different conclusion here.

Nor do we find persuasive petitioner's argument that the prohibition against permitting licensed premises to become disorderly by allowing performances that are lewd and indecent per se in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law and 9 NYCRR 53.1 (r) (1) is violative of due process on the ground that those provisions are impermissibly vague. It is clear that the term "lewd and indecent" as used in this context is synonymous with "obscene" (*Matter of Salem Inn v New York State Liq. Auth.,* 43 NY2d 713, *supra; Matter of Beal Props. v State Liq. Auth.,* 37 NY2d 861, revg 45 AD2d 906 upon part of the concurring and dissenting opn of Cooke, J. at the App Div). The Supreme Court has repeatedly held that antiobscenity statutes need be no more precise in their language to withstand such a challenge (see, e.g., *Mishkin v New York,* 383 US 502, 506-507; *Roth v United States,* 354 US 476, 491-492; *Ginsberg v New York,* 390 US 629, 643-645)

For similar reasons, the prohibition of conduct that is lewd and indecent per se does not violate the free expression clause of the State Constitution (NY Const, art 1, § 8). Since such conduct must necessarily be obscene, it does not constitute a constitutionally protected form of expression (*Bellanca v New York State Liq. Auth.,* 54 NY2d 228, 231, *supra*).

Finally, we find no merit whatsoever to petitioner's contention that the procedure whereby the State Liquor Authority, rather than a court, determines whether a performance in a licensed premises is lewd and indecent is, in some obscure way, constitutionally infirm because of that agency's discretionary power over such establishments. Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.