■ SOUTHSIDE PUB, INC., Doing Business as BOGART's, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated December 16, 1987, which after a hearing, suspended the petitioner's liquor license for 30 days and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The respondent's determination that the petitioner suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) is supported by substantial evidence. There is also substantial evidence that the petitioner suffered or permitted dancers to perform in the licensed premises in such manner as to expose to view their genital area in violation of rule 36 (1) (r) of the State Liquor Authority (9 NYCRR 53.1 [r], [s]) (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Within the purview of the Alcoholic Beverage Control Law and accompanying regulations, the phrase "suffer or permit" "implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence" (People ex rel. Price v Sheffield Farms-Slawson-Decker Co., 225 NY 25, 30; see also, Matter of Martin v State Liq. Auth., 41 NY2d 78). The record at bar indicates that several dancers were observed on the licensed premises on three separate occasions over a 10-month period, dancing and soliciting tips in such a manner as to expose their genital area (see, 9 NYCRR 53.1 [r], [s]). Furthermore, the record permits the inference that the illegal activities were advertised in a newspaper with general circulation. Given the above, as well as the

nature of the charged conduct, we find that the corporate licensee was chargeable with the knowledge of said conduct (cf., *Matter of Martin v State Liq. Auth., supra; Matter of Leake v Sarafan,* 35 NY2d 83; *Matter of Migliaccio v O'Connell,* 307 NY 566). Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.