■ RON BOB PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—This CPLR article 78 proceeding was transferred to this court by order, Supreme Court, New York County (Burton S. Sherman, J.), entered November 15, 1988. Determination, dated August 3, 1988, of the respondent New York State Liquor Authority (respondent), which, after a hearing, found petitioner, Ron Bob Pub, Inc. (petitioner), guilty of four numbered charges of misconduct, and imposed a penalty of suspension of petitioner's liquor license

for 20 days, of which 10 days were deferred, and a $1,000 bond forfeiture, is unanimously modified, on the law and on the facts, the petition is granted to the extent of: (1) annulling the finding of guilty of the second numbered charge of "exposure", (2) deleting the penalty imposed, and (3) remanding the matter to the respondent for reconsideration of the penalty, and except as thus modified, the determination is otherwise confirmed, without costs.

In March 1978, the New York State Liquor Authority (SLA) issued a special on-premises liquor license to Ron Bob Pub, Inc. (Ron) for premises located at 39-33 Queens Boulevard, Long Island City, New York. Since 1978, the aforesaid license has been renewed periodically, and the latest renewal is for the 1986-1989 period.

Pursuant to Alcoholic Beverage Control Law § 112, Ron filed a surety bond in connection with its original application and each renewal.

On January 17, 1986, the SLA charged Ron with four violations of the Alcoholic Beverage Control Law. These alleged violations are, in substance, as follows, that Ron, on February 8, 1985: (1) permitted gambling, (2) permitted a person to appear unclothed, or in such manner or attire as to expose to view a portion of the pubic hair, anus, vulva or genitals, (3) used the trade name "Gallagher's" without SLA permission, and (4) covered a part of a window.

Following an administrative hearing, an Administrative Law Judge (ALJ) found Ron guilty of all four charges.

Thereafter, the SLA, in a determination dated August 3, 1988, imposed a penalty of suspension of Ron's liquor license for 20 days, of which 10 days were deferred, and a $1,000 bond forfeiture.

Subsequently, Ron instituted, in the Supreme Court, New York County, pursuant to CPLR article 78, a proceeding which challenged the SLA's determination of August 3, 1988. After service of the answer, since an issue was raised as to whether the determination was supported by substantial evidence, upon the basis of CPLR 7804 (g), an order of the Supreme Court transferred this matter to this court for review (Collana v Perales, 123 AD2d 493 [1986]).

We have reviewed the trial transcript. While we find that substantial evidence supports the respondent's findings of guilty as to charges 1 (gambling), 3 (unauthorized use of a trade name), and 4 (obstructed view into the premises), we annul the respondent's finding of guilty of charge 2 (exposure).

The SLA found petitioner guilty of charge 2 upon the basis of lewd and indecent conduct. Significantly, the ALJ admitted at the trial that lewd and indecent conduct was not part of charge 2.

More than 30 years ago, the Court of Appeals held in *Matter of Hecht v Monaghan* (307 NY 461, 470 [1954]) that a fair trial, at an administrative hearing, means "the party whose rights are being determined must be fully apprised of the claims of the opposing party". Obviously, the purpose of giving notice of the charges is to provide a party with an opportunity to prepare a defense. Applying the holding of *Matter of Hecht v Monaghan (supra)* to the facts of the instant case, we find that petitioner was never given notice that it was charged with lewd and indecent conduct, and therefore, was unable to defend against such allegation.

Accordingly, we modify the determination to the extent of annulling the finding of guilty of the second numbered charge of "exposure", delete the penalty imposed, and remand the matter to the respondent for reconsideration of the penalty, and, except as thus modified, the determination is otherwise confirmed.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Sullivan, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.