■ In the Matter of 17 FORTUNE CORP., Doing Business as GASLITE PARLOUR, Appellant, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated April 19, 1989, which, after a hearing, found the petitioner guilty of certain misconduct, suspended its on-premises liquor license for 30 days, 15 days to be served forthwith and 15 days deferred, and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The respondent's determination that the petitioner suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6-a) is supported by substantial evidence. There is also substantial evidence that the petitioner suffered or permitted female dancers to perform in the licensed premises in such manner as to expose to view their genital areas in violation of 9 NYCRR 53.1 (r), and so as to expose a portion of their breasts below the top of the areola in violation of 9 NYCRR 53.1 (s). There was also substantial evidence that the petitioner altered the licensed premises without first obtaining the permission of the New York State Liquor Authority in violation of Alcoholic Beverage Control Law § 99-d (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Southside Pub v New York State Liq. Auth., 143 AD2d 899).

The phrase "suffer or permit" as used in the Alcoholic Beverage Control Law "implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence" (People ex rel. Price v Sheffield Farms-Slawson-Decker Co., 225 NY 25, 30; see also, Matter of Martin v State Liq. Auth., 41 NY2d 78). The record clearly indicates that on two occasions approximately one month apart, various female dancers were observed in the licensed premises dancing and soliciting tips in such a manner as to expose their genital areas (see, 9 NYCRR 53.1 [r]) and their breasts below the top of the areola (see, 9 NYCRR 53.1 [s]). Neither at the administrative hearing, nor in these proceedings, did the petitioner contest that the stated actions occurred on the premises or that they were lewd and indecent. The entertain-

ment offered at the licensed premises was "live exotic dancers", and the licensed premises advertised such entertainment in a newspaper of general circulation. The premises were altered by installing a rollaway runway running from the stage to the counter where patrons sat. The dancers routinely left the stage and came down the runway to encourage tips from the patrons. These tips consisted of single dollar bills, which were then turned in by the dancers for larger bills. The principal of the petitioner saw how the dancers received their tips, and on occasion dealt with the dancers in changing money. On both occasions when the respondent's investigators were on the premises, *all* of the dancers who performed did so in a lewd and indecent manner.

Given all of the above, we find that the corporate licensee was chargeable with improper conduct, since it had the opportunity through reasonable diligence to acquire knowledge of such conduct *(see, Southside Pub v New York State Liq. Auth., supra; cf., Matter of Martin v State Liq. Auth., supra* [dealing with isolated gambling activities of a barmaid]). Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.