■ In the Matter of MICHAEL FRANK OF JERICHO, INC., Doing Business as ESCAPES, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated June 12, 1989, which, after a

hearing, suspended the petitioner's liquor license for 20 days, 10 days forthwith and 10 days deferred, and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination is modified by deleting therefrom the words "a person to appear unclothed or in such a manner or attire as to expose to view a portion of the pubic hair, anus, vulva, or genitals" and substituting therefor the words "lewd or indecent conduct"; as so modified, the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner operates a nightclub in Merrick, Long Island, known as "Escapes". In May 1988 the New York State Liquor Authority commenced revocation proceedings against the petitioner, alleging that it had violated Alcoholic Beverage Control Law § 106 (6-a) and 9 NYCRR 53.1 (r) by permitting "a person to appear unclothed or in such manner or attire as to expose to view a portion of the pubic hair, anus, vulva, or genitals". At an ensuing administrative hearing, three New York State Liquor Authority investigators testified that they were present at the nightclub on two occasions when male dancers performed. During the course of these performances, the dancers left the stage to kiss patrons, and allowed patrons to place dollar bills inside their "G-Strings". Moreover, on both occasions, one of the dancers selected a patron from the audience, carried her on stage, and simulated sexual intercourse. At the conclusion of the hearing, the Administrative Law Judge concluded that the petitioner had not violated Alcoholic Beverage Control Law § 106 (6-a) or 9 NYCRR 53.1 (r) (2) because there was no evidence that the male dancers had exposed any portion of their genital area to the audience. The Administrative Law Judge found, however, that the petitioner had violated 9 NYCRR 53.1 (r) (1) by permitting "lewd or indecent" conduct to occur on the licensed premises. The findings were subsequently adopted by the respondent, and a 20-day suspension and $1,000 bond forfeiture was imposed on the petitioner.

Contrary to the petitioner's contention, we find that it received adequate notice, through a detailed bill of particulars, that it was charged with permitting lewd or indecent conduct on the licensed premises (cf., Rob Bob Pub v New York State Liq. Auth., 150 AD2d 173). Moreover, the respondent's determination that the petitioner suffered or permitted lewd or indecent conduct to occur on the licensed premises is supported by substantial evidence (see, Matter of Salem Inn v

*New York State Liq. Auth.,* 43 NY2d 713; *Matter of 17 Fortune Corp. v New York State Liq. Auth.,* 171 AD2d 748; *Matter of Blau-Par Corp. v New York State Liq. Auth.,* 106 AD2d 503; *Matter of Richmond Gentlemen v State of New York Liq. Auth.,* 106 AD2d 506; *Matter of Highway Tavern v McLaughlin,* 105 AD2d 122; *Matter of Colon v New York State Liq. Auth.,* 70 AD2d 591; *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603). We modify the final determination, however, because while it is clear from the record that the respondent intended to adopt the findings that the petitioner had violated 9 NYCRR 53.1 (r) (1), which prohibits lewd or indecent conduct, the respondent indicated in its determination that the petitioner had violated Alcoholic Beverage Control Law § 106 (6-a) and 9 NYCRR 53.1 (r) (2), which prohibit exposure of the genital area.

Finally, we find that the penalty imposed was not shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 237). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.