■ In the Matter of HIGH STEPPERS CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [629 NYS2d 264] —In

a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated March 16, 1994, which, after adopting the findings of a Hearing Officer, made after a hearing, suspended the petitioner's license for 60 days and imposed a $1,000 bond claim, the petitioner appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), dated May 20, 1994, as denied the petition except for the petitioner's claim that the respondent's determination was not supported by substantial evidence.

Ordered that the appeal is dismissed, without costs and disbursements, and the order is vacated *(see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn.,* 171 AD2d 872; CPLR 7803 [4]; 7804 [g]); and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raised the issue of whether the respondent's determination was supported by substantial evidence and "other objections as could terminate the proceeding" were not raised, the Supreme Court should have transferred the proceeding to this Court without disposing of any issues *(see,* CPLR 7804 [g]).

Upon a de novo view of the record *(see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn.,* 171 AD2d 872), we find the petitioner's arguments to be without merit. The respondent's decision that the petitioner "suffered or permitted" lewd and obscene acts to occur in violation of Alcoholic Beverage Control Law § 106 (6-a) and rule 36.1 (r) of the Rules of the State Liquor Authority [9 NYCRR 53.1 (r)] was supported by substantial evidence *(Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Leake v Sarafan,* 35 NY2d 83; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of County of Suffolk v Newman,* 173 AD2d 618; *Southside Pub v New York State Liq. Auth.,* 143 AD2d 899). Further, the statute and rule violated were neither unconstitutional on their face nor as applied *(see, Bellanca v New York State Liq. Auth.,* 54 NY2d 228, *cert denied* 456 US 1006; *Matter of Becker v New York State Liq. Auth.,* 21 NY2d 289; *Matter of 17 Fortune Corp. v State Liq. Auth.,* 171 AD2d 748; *Matter of Highway Tavern Corp. v McLaughlin,* 105 AD2d 122; *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603). Finally, the penalty imposed was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra,* at 232).

We have considered the petitioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.