■ In the Matter of CAPTAIN'S INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [632 NYS2d 639] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated May 17, 1994, which adopted the recommendation of a Hearing Officer, made after a hearing, finding, *inter alia,* that the petitioner had sold alcoholic beverages without a license, suspended the petitioner's liquor license for 60 days (30 days to be served forthwith and 30 days to be temporarily deferred), and imposed a $1,000 bond claim, the New York State Liquor Authority appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 14, 1994, which granted the petition to the extent of remitting the matter to the New York State Liquor Authority for the imposition of a new penalty not to exceed a 10-day suspension and a $1,000 bond claim.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated *(see, Matter of Scorpio Car Serv. v New York City Taxi & Limousine Commn.,* 171 AD2d 872; *see also,* CPLR 7803 [4]; 7804 [g]); and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Since the petition raises the issue of whether the determination of the New York State Liquor Authority (hereinafter the Liquor Authority) is supported by substantial evidence and does not raise "other objections as could terminate the proceeding" (CPLR 7804 [g]), the Supreme Court should have transferred the proceeding to this Court without disposing of any issues *(see, Matter of High Steppers Corp. v New York State Liq. Auth.,* 216 AD2d 566; *Matter of Duso v Kralik,* 216 AD2d 297).

Upon our de novo review of the record, we find that the Liquor Authority's determination should not be disturbed. The conclusion that Alcoholic Beverage Control Law § 100 (1), as reasonably construed by the Liquor Authority *(see generally, Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Dubb Enters. v New York State Liq. Auth.,* 187 AD2d 831), was repeatedly violated by the petitioner is supported by substantial

evidence in the record *(see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Southside Pub v New York State Liq. Auth.,* 143 AD2d 899). Moreover, the petitioner's substantial evidence argument with regard to its violation of Alcoholic Beverage Control Law § 102 (3-b) is not properly before this Court since it was not raised by the petitioner at the hearing *(see, e.g., Matter of Neil Corp. v State Liq. Auth.,* 112 AD2d 70). In any event, it is without merit.

Finally, in view of all of the circumstances, the penalty that was imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.