484 S.E.2d 461

**STATE of South Carolina, Respondent,**

v.

**Dickey BOUYE and William Bouye, Appellants.**

No. 24577.

Supreme Court of South Carolina.

Heard Dec. 4, 1996.

Decided Feb. 18, 1997.

Rehearing Denied March 20, 1997.

Suzanne E. Coe, of Arnold & Coe, L.L.P., Greenville, for appellants.

Charles Molony Condon, Attorney General, John W. McIntosh, Deputy Attorney General, Salley W. Elliott, Assistant Attorney General, Columbia, and Holman C. Gossett, Jr., Solicitor, Seventh Judicial Circuit, Spartanburg, for respondent.

WALLER, Justice:

Appellants Dickey and William Bouye were convicted of violating S.C.Code Ann. § 16–15–365 (Supp.1995), a statute which generally prohibits certain "lewd and lascivious" behavior.[1] Their convictions were based on the conduct of dancers in the Gold Nugget, a topless dancing establishment owned by Dickey and managed by William. They have appealed, arguing the statute is unconstitutionally overbroad. We disagree and affirm.

## FACTS

Between November 1994 and July 1995, undercover police officers with the Spartanburg County Sheriff's Department visited the Gold Nugget posing as patrons. They wore an

---

1. Section 16–15–365 provides:

 Any person who wilfully and knowingly exposes the private parts of his person in a lewd and lascivious manner and in the presence of any other person, or aids or abets any such act, or who procures another to perform such act, or any person, who as owner, manager, lessee, director, promoter, or agent, or in any other capacity knowingly hires, leases, or permits the land, building, or premises of which he is owner, lessee, or tenant, or over which he has control, to be used for purposes of any such act, is guilty of a misdemeanor and, upon conviction, must be imprisoned for not more than six months or fined not more than five hundred dollars, or both.

eight-millimeter camera concealed under their shirts which recorded everything in front of them. Following is a brief summary of the conduct they observed from the paid dancers.

Various female dancers, while wearing only a G-string, would perform dance routines on a stage in front of customers. The dancers were observed repeatedly having physical contact with the customers. This physical contact included one or more dancers (1) rubbing their bottoms over men's crotches while performing private dances off-stage; (2) putting their faces toward men's crotches and dancing against them; (3) touching a customer's head with bare breasts; (4) sitting in a customer's lap "in a kind of a rotating manner" before standing back up; (5) removing a man's glasses and placing them in her G-string; and (6) grabbing a man by the collar and pushing him toward her breasts. One police officer testified that while receiving a private dance the dancer "sat a straddle me and pushed my shoulders back with her hands to where she was, I guess, grinding her pelvic area against my stomach and my groin. She also in the course of that dance while she was leaning forward ... *rubbed one of her nipples across my lips.*" Another testified that "one female put a leg on each one of my shoulders and was moving her vagina in a rotating manner right in front of my face." While dancing the dancers rubbed their breasts, put their hands on their shoulders and pushed their breasts in customers' faces, and made motions toward customers with their genital areas.

Following these observations, Appellants were charged with and subsequently convicted of violating section 16–15–365.

## DISCUSSION

 Appellants argue the statute under which they were convicted violates Due Process because it prohibits constitutionally protected speech and is thus overbroad. Initially, we point out that Appellants have conceded that the conduct of the dancers in this case is not constitutionally-protected.[2]

---

2. *See, e.g., Hang On, Inc. v. City of Arlington,* 65 F.3d 1248 (5th Cir.1995) (statute prohibiting touching between customer and dancer not overbroad because touching is not protected at all by the First Amendment); *Hoskins v. Dept. of Business Regulation,* 592 So.2d 1145 (Fla.Dist.Ct.App.), *review denied,* 601 So.2d 552 (Fla.1992) (lap dancing

They are arguing that the statute is facially overbroad because it can be applied to other conduct not extant in this case that is constitutionally protected.[3] "When the issue is the constitutionality of a statute, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubt that it conflicts with the constitution." *Home Health Serv., Inc. v. S.C. Tax Comm'n,* 312 S.C. 324, 440 S.E.2d 375 (1994). Appellants have the burden of proving the statute unconstitutional. *Id.*

"[T]he overbreadth doctrine applies only to First Amendment cases where the challenged law would have a "chilling effect" on constitutionally protected forms of speech." *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals,* 63 Ohio St.3d 354, 588 N.E.2d 116 (1992). *See also City of Portland v. Jacobsky,* 496 A.2d 646 (Me.1985) (statute is overbroad when its language not only forbids conduct constitutionally subject to proscription but is so broad that it ensnares protected conduct as well). The overbreadth doctrine is considered one of last resort and should be used sparingly, "especially where the statute in question is primarily meant to regulate conduct and not merely pure speech." *Schmitt v. State,* 590 So.2d 404, 412 (Fla.1991), *cert. denied,* 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992). Thus, the threshold issue is whether the statute in question prohibits constitutionally protected speech. We hold that it does not.

The statute prohibits conduct, not speech. Nonetheless, expressive conduct, or "symbolic speech," is entitled to some First Amendment protection under certain circum-

not protected activity); *State v. Private Dancer,* 83 Ohio App.3d 27, 613 N.E.2d 1066 (1992) (lap dancing not protected expression under First Amendment).

3. Normally, we would question whether Appellants had standing to make this argument. However, in the context of an overbreadth argument, courts have recognized an exception to the rules of standing. *See SBC Enterprises, Inc. v. City of South Burlington,* 892 F.Supp. 578, 583–84 (D.Vt.1995) ("The concern is that an overbroad law may threaten others not before the court—those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid.") (internal quotations omitted).

stances. *See United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *State v. Ramsey,* 311 S.C. 555, 559, 430 S.E.2d 511, 514 (1993) ("Conduct may be sufficiently imbued with elements of communication so as to fall within the scope of the First Amendment"). Even assuming that this statute does address certain expressive conduct, we construe the language of this statute as a prohibition of obscenity. It is well-settled that obscene speech is not protected by the First Amendment. *See Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). As we stated in *Ramsey,* "[a] statute directed at conduct rather than speech may stand; and a statute reaching a proscribable class of speech ... does not infringe on First Amendment rights." 311 S.C. at 560, 430 S.E.2d at 514 (citing *R.A.V. v. City of St. Paul,* 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992)).

This interpretation is abundantly supported. Initially, the dictionary definitions of "lewd," "lascivious," and "obscene" show that these terms are all synonyms. *See American Heritage Dictionary* at 726, 715, 858 (2nd ed.1982) (respectively defining lewd in part as obscene; lascivious in part as lewd; and obscene in part as lewd); *Black's Law Dictionary* at 882, 907 (respectively defining lascivious in part as lewd and obscene; and lewd in part as obscene and lascivious). Furthermore, many other courts, including the Supreme Court, have used these terms interchangeably and found them to be synonymous.

> There are certain well-defined and narrowly limited classes of speech, the prevention of which have never been thought to raise any Constitutional problem. *These include the lewd and obscene.... It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality....*

*Roth,* 354 U.S. at 485, 77 S.Ct. at 1309, 1 L.Ed.2d at 1507. *See also Trans–Lux Corp. v. State,* 366 So.2d 710 (Ala.1979); *People v. Sarong Gals,* 27 Cal.App.3d 46, 103 Cal.Rptr. 414,

417 (1972) ("It is true that nude dancing is ... protected by the First Amendment. From this fact, the defendants make the illogical leap to the conclusion that *lewd*, nude entertainment ("dancing") receives the same protection. Hardly. Lewdness is lewdness and covering it with a patina of "free expression" is a fiction which the law will not tolerate."); *Stall v. State*, 570 So.2d 257 (Fla.1990), *cert. denied sub nom. Long v. Florida*, 501 U.S. 1250, 111 S.Ct. 2888, 115 L.Ed.2d 1054 (1991); *State v. Waller*, 621 So.2d 499 (Fla.Dist.Ct.App.1993) (requiring analysis of whether conduct is lewd to be decided by resort to the three-prong obscenity test established in *Miller*, 413 U.S. at 15, 93 S.Ct. at 2607, 37 L.Ed.2d at 419); *State v. Crater*, 388 So.2d 802 (La.1980); *400 East Baltimore St., Inc. v. State*, 49 Md.App. 147, 431 A.2d 682 (1981), *cert. denied*, 455 U.S. 940, 102 S.Ct. 1431, 71 L.Ed.2d 650 (1982); *Blau–Par Corp. v. New York State Liquor Auth.*, 106 A.D.2d 503, 482 N.Y.S.2d 841 (1984) (prohibition of lewd conduct not violative of free expression because such conduct must necessarily be obscene and is thus not constitutionally protected).

In *Vernon Beigay, Inc. v. Traxler*, 790 F.2d 1088 (4th Cir.1986), the Fourth Circuit was called upon to decide the constitutionality of South Carolina's obscenity statutes.[4] The statute defined obscenity in part as one which appealed to the "prurient interest in sex." "Prurient interest" was defined as a "shameful or morbid interest in nudity, sex or excretion and is reflective of an arousal of *lewd and lascivious* desires and thoughts." (emphasis added). Appellant argued this emphasized language rendered the statute overbroad "because materials that should be protected by the Constitution will be considered obscene under this definition of prurient interest." *Id.* at 1093. His argument that lewd and lascivious desires were "healthy, wholesome reactions protected by the first amendment" was rejected by the Court of Appeals. "The ... flaw in [Appellant's] argument is that 'lewd' and 'lascivious' desires or thoughts have not been construed by the Supreme

---

4. The obscenity statutes the court judged were sections 16–15–260 to – 440, which have been replaced with sections 16–15–305 to –445 (Supp. 1995). However, the language referred to in the text is identical in both statutes. In *Traxler*, the Fourth Circuit struck down the former statute as overbroad for reasons unrelated to the present discussion.

Court as terms depicting 'good old fashion healthy interest in sex.' To the contrary, the Supreme Court has recognized these terms as proper definitions for 'prurient interest.'" *Id.* at 1094. Thus, because this statute regulates obscenity,[5] we find it does not prohibit constitutionally protected speech.

Appellants also argue the statute is overbroad because it is not limited to exposure in public places and therefore could be used to prosecute people for conduct in the privacy of their homes. Clearly, without such a limitation, the statute will be overbroad because it infringes on the constitutionally protected right to privacy. *See, e.g., Attwood v. Purcell*, 402 F.Supp. 231 (D.Ariz.1975). "A statute should not be deemed facially invalid unless it is not readily subject to a narrowing construction." *Gravely v. Bacon*, 263 Ga. 203, 429 S.E.2d 663, 666 (1993). Furthermore, in a facial statutory challenge, the overbreadth complained of must be real and substantial when judged in light of the statute's "plainly legitimate sweep." *State v. Hunter*, 550 N.W.2d 460, 464 (Iowa 1996). A party will prevail on a facial attack only by showing there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Triplett Grille, Inc. v. City of Akron*, 40 F.3d 129, 135 (6th Cir.1994). Here, there is no realistic danger that this statute will be applied to people in the privacy of their homes. Furthermore, while the statute does not directly limit its reach to public conduct, we find that from the language used (extending prohibition to person who "aids or abets any such act, or who procures another to perform such act, or any person, who as owner, manager, lessee, director, promoter, or agent, or in any other capacity" knowingly allows his or her premises to be used for the purposes of such an act) the legislature clearly intended such a limitation.

We find that Appellants have not met their burden of proving section 16–15–365 of the South Carolina Code uncon-

---

5. Obscenity is statutorily defined. *See* S.C.Code Ann. § 16–15–305(B) (Supp.1995) (defining obscenity "for the purposes of this article," which would include the current statute).

stitutional.[6] Accordingly, their convictions are hereby
AFFIRMED.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ.,
concur.

---

**6.** We summarily reject Appellants' further argument that the statute is unconstitutional as applied to them. Appellants seem to be basing this claim on their argument that the record contains no evidence they were aware that offensive conduct was being performed by the dancers. In other words, appellants are arguing they did not engage in the conduct proscribed by the statute. Initially, we do not see how this shows unconstitutional application of the statute. Normally, an "unconstitutional as applied" argument in the First Amendment context rests on the assumption that the conduct engaged in would be prohibited by the statute; however, to apply it to the particular situation in the case at hand would infringe on some constitutional right held by the actor. *See, e.g., State v. Perkins,* 306 S.C. 353, 412 S.E.2d 385 (1991) (disorderly conduct statute was unconstitutionally applied to defendant not because he did not engage in conduct prohibited by the statute but because his conduct was protected by the First Amendment); *City of Columbia v. Brown,* 316 S.C. 432, 450 S.E.2d 117 (Ct.App.1994). Even if they were not the ones actively engaging in the prohibited conduct, Appellants clearly have no constitutionally protected right to procure or knowingly permit others to perform illegal conduct on premises they own or control. In any event, we find the record contains sufficient evidence to support Appellants' convictions under the statute.