THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICIA HILL, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NANCY PARIS, Defendant-Appellant.

Second District   Nos. 2—01—0522, 2—01—0523 cons.

Opinion filed September 4, 2002.

Robert P. Will, Jr., of Robert P. Will, Jr., & Associates, and Louis M. Pissios, of Law Office of Louis M. Pissios, both of Waukegan, for appellants.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CALLUM delivered the opinion of the court:

Following a jury trial, defendant Patricia Hill was convicted of soliciting for a prostitute (720 ILCS 5/11—15(a)(1), (a)(3) (West 2000)), and codefendant Nancy Paris was convicted of prostitution (720 ILCS 5/11—14(a) (West 2000)). Each defendant was sentenced to one year of conditional discharge. The defendants appealed, and we consolidated the appeals. The defendants argue that section 11—14(a) of the Criminal Code of 1961 (the Code) (720 ILCS 5/11—14(a) (West 2000)), which defines prostitution, is unconstitutionally overbroad and vague. We affirm.

## I. FACTS

Section 11—14(a) states:

"Any person who performs, offers or agrees to perform any act of

sexual penetration as defined in Section 12—12 of this Code for any money, *** or *any touching or fondling of the sex organs* of one person by another person, for any money, *** for the purpose of sexual arousal or gratification commits an act of prostitution." (Emphasis added.) 720 ILCS 5/11—14(a) (West 2000).

Paris was charged with prostitution in that, for money and for the purpose of sexual arousal, she knowingly used her hand and buttocks to touch George Manis's penis. Hill was charged with soliciting Manis and directing him to a place for the purpose of prostitution. See 720 ILCS 5/11—15(a)(1), (a)(3) (West 2000).

The defendants moved to declare section 11—14(a) unconstitutional, arguing that it infringed on constitutionally protected expression. They further argued that the statute was vague for failing to define "sex organs" and for failing to specify whether it prohibited "any touching or fondling" through clothing. The trial court denied the motion.

We summarize only the evidence that is relevant to our analysis. Manis, a detective for the Lake County sheriff's department, testified as follows. On January 12, 2000, he performed an undercover investigation of a nightclub called Baby Dolls. Wearing a naval uniform, Manis entered the club, where various women were dancing in various stages of undress. Paris approached Manis and offered him a "fantasy dance." Manis accepted, walked to a booth, and paid $25 to a man who directed him to a chair.

After Manis was seated, Paris sat on his lap and began dancing, arousing him by rubbing her buttocks against his penis. The dance lasted through two songs. Manis was then approached by Hill, who explained that he could purchase a "sensual massage" from Paris. Manis paid $300 to Hill, who directed him to another booth. Paris sat next to Manis and put her legs across his. As music played, Paris unbuttoned Manis's shirt and rubbed his chest. She then used her right hand to rub his penis, arousing him. She resumed dancing on his lap, at one point "cupping" his penis and testicles in both hands. After about 30 minutes, Hill asked Manis whether he wanted to pay for additional time. Manis declined and left the club.

On cross-examination, Manis testified that his pants were never opened or removed. Paris never made "skin to skin" contact with his penis or testicles.

The defendants were convicted and sentenced, and they appealed.

## II. STANDARD OF REVIEW

■ A statute is presumed constitutional. If reasonably possible, we must give the statute a construction that maintains its validity. Also, we must resolve any doubt in favor of the statute. Our review is *de novo. People v. Jamesson,* 329 Ill. App. 3d 446, 452 (2002).

## III. OVERBREADTH

■ "The doctrine of overbreadth is designed to protect first amendment freedom of expression from laws written so broadly that the fear of punishment might discourage people from taking advantage of the freedom." *People v. Bailey*, 167 Ill. 2d 210, 226 (1995). A statute regulating conduct is overbroad if it (1) criminalizes a substantial amount of protected behavior, relative to the law's plainly legitimate sweep; and (2) is not susceptible to a limiting construction that avoids constitutional problems. *Jamesson*, 329 Ill. App. 3d at 453. Thus, in addressing a claim of overbreadth, the first task is to determine whether the statute inhibits conduct protected by the first amendment. *Bailey*, 167 Ill. 2d at 226.

Here, the defendants argue that section 11—14(a) inhibits "the freedom of speech as expressed through erotic dancing." We observe that erotic dancing is expressive conduct protected by the first amendment. *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 566, 115 L. Ed. 2d 504, 511, 111 S. Ct. 2456, 2460 (1991). However, as the defendants seem to acknowledge, section 11—14(a) does not inhibit erotic dancing *per se*. Rather, the statute inhibits erotic dancing only when it involves specified physical contact between the dancer and an observer. In our view, erotic dancing, when it involves such contact, is not protected by the first amendment.

It appears that neither the United States Supreme Court nor any federal or state court in Illinois has squarely addressed whether the constitution protects erotic dancing that involves physical contact with an observer. The defendants rely on two regional cases that provide little help. In *Miller v. Civil City of South Bend*, 904 F.2d 1081 (7th Cir. 1990), *rev'd on other grounds sub nom. Barnes*, 501 U.S. at 565, 115 L. Ed. 2d at 510, 111 S. Ct. at 2460, the United States Court of Appeals for the Seventh Circuit held that erotic dancing is constitutionally protected because, like more conventional forms of dancing, erotic dancing involves " 'moving the body in a rhythmical way, usually to music, to express an emotion or idea.' " *Miller*, 904 F.2d at 1085, quoting 16 The New Encyclopedia Britannica 935 (1989). A dissenting judge wrote that "on the majority's view 'lap dancing,' a form of fondling, also might be protected speech, because it too *** involves 'moving the body in a rhythmical way, usually to music.' " *Miller*, 904 F.2d at 1126-27 (Easterbrook, J., dissenting). The majority, however, did not resolve that question.

Similarly, in *XLP Corp. v. County of Lake*, 317 Ill. App. 3d 881, 885 (2000), this court determined that "the type of nonobscene, sexually explicit expression that takes place at plaintiffs' adult cabarets and adult bookstores is subject to first amendment protection." However,

although we noted that the plaintiffs' establishments featured "nude dancing" (*XLP Corp.*, 317 Ill. App. 3d at 882), we made no mention of physical contact with observers.

Nevertheless, in our national jurisprudence, this issue is not at all new. In *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248 (5th Cir. 1995), the plaintiff challenged as unconstitutionally overbroad an ordinance prohibiting touching between a nude dancer and a customer. In rejecting that argument, the United States Court of Appeals for the Fifth Circuit ruled:

> "*Barnes* [citation] held that nude dancing *itself* 'is expressive conduct within the outer perimeters of the First Amendment.' It does not inevitably follow, however, that touching between a nude performer and a customer is protected expression.
>
> \*\*\* [I]ntentional contact between a nude dancer and a bar patron is conduct beyond the expressive scope of the dancing itself. The conduct at that point has overwhelmed any expressive strains it may contain. That the physical contact occurs while in the course of protected activity does not bring it within the scope of the First Amendment." (Emphasis in original.) *Hang On, Inc.*, 65 F.3d at 1253, quoting *Barnes*, 501 U.S. at 566, 115 L. Ed. 2d at 511, 111 S. Ct. at 2460.

*Hang On, Inc.* has been followed by reviewing courts in several states. See *Tily B., Inc. v. City of Newport Beach*, 69 Cal. App. 4th 1, 22, 81 Cal. Rptr. 2d 6, 20 (1998) (upholding ordinance prohibiting physical contact between dancers and patrons); *State v. Bouye*, 325 S.C. 260, 264 & n.2, 484 S.E.2d 461, 463 & n.2 (1997) (lap dancing and similar conduct, for which defendants were convicted of "lewd and lascivious" behavior, is not constitutionally protected); *American Show Bar Series, Inc. v. Sullivan County*, 30 S.W.3d 324, 338 (Tenn. Ct. App. 2000) (upholding statute prohibiting physical contact between dancers and patrons); *DCR, Inc. v. Pierce County*, 92 Wash. App. 660, 672 & n.8, 964 P.2d 380, 387 & n.8 (1998) (upholding ordinance prohibiting "table dancing" and associated physical contact between dancers and patrons). We have found no case that has reached a contrary result.

■ In accordance with this weight of authority, we follow *Hang On, Inc.* A mere erotic dance is constitutionally protected, but section 11—14(a) does not inhibit such conduct. Rather, an erotic dance may fall within the scope of the statute only when it involves specified physical contact between the dancer and an observer. When the dancer makes such contact, as Paris did with Manis, he or she is not engaged in a protected activity. Thus, section 11—14(a) does not inhibit the exercise of rights protected by the first amendment, and we need not inquire further into the defendants' claim of overbreadth.

## IV. VAGUENESS

■ Under the vagueness doctrine, a criminal statute must meet two requirements. First, it must provide a person of ordinary intelligence a reasonable opportunity to distinguish between lawful and unlawful conduct. Second, it must adequately define the offense to prevent arbitrary and discriminatory enforcement. *People v. Maness*, 191 Ill. 2d 478, 483-84 (2000). In determining whether a statute is vague, we must assume that, absent a contrary legislative intent, the statute's words have their ordinary and popularly understood meanings. In addition to those words, we must consider the legislative objective and the evil that the statute is designed to remedy. *People v. Fabing*, 143 Ill. 2d 48, 54 (1991).

### A. "Sex Organs"

■ The defendants argue that section 11—14(a) is impermissibly vague for failing to define "sex organs." That assertion does not detain us long. "To prevail on a vagueness challenge to a statute that does not implicate first amendment concerns, a party must demonstrate that the statute [is] vague as applied to the conduct for which the party [was] prosecuted." *Bailey*, 167 Ill. 2d at 228. Here, the defendants admit that, although the phrase "sex organs" is not defined, "one would presume that the phrase would encompass the human reproductive organs (i.e. penis and vagina)." Thus, because these prosecutions arose from Paris's alleged touching of Manis's penis, the defendants concede that the phrase "sex organs" is not vague as applied to their conduct. They cannot complain that the statute is vague as applied to the touching of something else, and we do not consider that argument.

### B. "Any Touching or Fondling"

■ Next, the defendants argue that section 11—14(a) is vague as applied to their conduct because it does not specify that it prohibits "any touching or fondling" through clothing. It appears that no court in Illinois has addressed this attack, but courts in other states have addressed similar claims.

The defendants rely on a Missouri case, *State v. Burgess*, 669 S.W.2d 637 (Mo. Ct. App. 1984).[1] There, the defendant performed a table dance in which she rubbed her genital area, which was scantily clad, across a patron's face. The defendant was convicted of prostitu-

---

[1]The defendants also rely on a California case, *People v. Janini*, 75 Cal. App. 4th 347, 89 Cal. Rptr. 2d 244 (1999). However, in January 2000, the Supreme Court of California deleted that opinion. *Janini*, 75 Cal. App. 4th at 367 n.*, 89 Cal. Rptr. 2d at 245 n.*.

tion in that she performed for money " 'any touching, manual or otherwise, of the anus or genitals of one person by another, done for the purpose of arousing or gratifying sexual desire of either party.' " *Burgess*, 669 S.W.2d at 639, quoting Mo. Rev. Stat. § 567.010(4)(c) (1969). The Missouri Court of Appeals determined that the defendant had not violated the statute. The court explained:

> "The state points to the terms 'any touching manual or otherwise' as supporting a conclusion that 'skin to skin' contact is not required. We have no quarrel with that conclusion. The language is sufficiently broad to encompass touchings made with other than the bare skin of the person touching ***. But the question before us is not the means to effectuate the touching, but rather what must be touched. *** That which is touched must be the 'anus or genitals' of a person. That language does not on its face include the clothing covering the genitals or anus. *** At the most, the language is ambiguous as to whether [touching through clothing] is condemned." *Burgess*, 669 S.W.2d at 639.

The court went on to note that, in defining crimes of sexual abuse, the legislature had explicitly prohibited " 'any touching of the genitals or anus of any person, *** or *any such touching through the clothing*, for the purpose of arousing or gratifying sexual desire of any person.' " (Emphasis in original.) *Burgess*, 669 S.W.2d at 640, quoting Mo. Rev. Stat. § 566.010(3) (1978). The court ruled:

> "It is evident that where the General Assembly desired to provide that a touching through clothing was prohibited, it expressly so stated. It did not do so in [the definition of prostitution], and we must conclude it did not intend for such a touching to constitute prostitution." *Burgess*, 669 S.W.2d at 640.

The dissenting judge wrote that "[t]he manifest purpose and intent of the prostitution statute is to outlaw the commercialization of the arousal or gratification of sexual desire." *Burgess*, 669 S.W.2d at 640-41 (Gaertner, P.J., dissenting). The dissent went on to state:

> "I see nothing intrinsically ambiguous in the phrase 'any touching, manual or otherwise' when read in the context of a statute proscribing a commercial transaction undertaken to fulfill a particular purpose. Where the touching is performed for the purpose of arousal or gratification of sexual desire ***, to read into the words 'any touching' a distinction between direct or indirect conduct is *** an unnecessary and uncalled for complication of plain, ordinary language." *Burgess*, 669 S.W.2d at 641 (Gaertner, P.J., dissenting).

In responding to the majority's examination of sexual abuse statutes, the dissent noted:

> "Only by first observing that other sections of the Criminal Code

use different language can limits and qualifications be imposed upon the plain, ordinary meaning of simple words such as 'any' ***. *** But to do so where there is no intrinsic ambiguity is to use a rule of statutory construction intended to resolve ambiguities as a means of begetting an ambiguity which does not exist. *** Since the language of [the prostitution statute], given its plain, ordinary meaning, is intrinsically clear and unambiguous, I would hold we are precluded from comparing it to other legislative enactments." *Burgess*, 669 S.W.2d at 641 (Gaertner, P.J., dissenting).

The dissent's view was shared by the majority in an Ohio case, *Athens County State of Ohio v. Young*, No. 96—CA—1780 (Ohio Ct. App. August 15, 1997).[2] There, the defendant touched a woman's breasts through her shirt and was convicted of gross sexual imposition, which included "any touching of an erogenous zone of another *** for the purpose of sexually arousing or gratifying either person." Ohio Rev. Code Ann. § 2907.01(B) (West 1996). The defendant argued that the statute did not prohibit touching through clothing. The Court of Appeals of Ohio determined that, because a zone could be erogenous when clothed, the statute "should be interpreted to include touching of erogenous zones covered by clothing." *Young*, slip op. at ___.

We adopt the reasoning of the *Young* majority and the *Burgess* dissent. Section 11—14(a) prohibits "any touching or fondling of the sex organs of one person by another person, for any money, *** for the purpose of sexual arousal or gratification." 720 ILCS 5/11—14(a) (West 2000). The ordinary and popularly understood meaning of "any" is "one, no matter what one." Webster's Third New International Dictionary 97 (1993). Thus, section 11—14(a) unambiguously prohibits "any touching," no matter whether that touching is direct or indirect, on skin or through clothing. To read "any touching" to encompass only one kind of touching, rather than another, we would need to deviate from the statute's plain language and read into it a limitation that the legislature did not express. Such a reading would violate a basic rule of statutory construction. See *People v. Woodard*, 175 Ill. 2d 435, 443 (1997).

Our conclusion is buttressed by the legislature's objective and the evil that it sought to remedy. Clearly, the legislature sought to prohibit any commercial transaction in which one person stimulates another person's sex organs for the purpose of sexual arousal. As Manis's testimony confirmed, a sex organ need not be exposed to be stimulated.

---

[2]This opinion is unreported, but, under Rule 2(G)(2) of the Ohio Supreme Court rules for the reporting of opinions (Ohio Sup. Ct. R. 2(G)(2) (1998)), it may be cited as persuasive authority. See *Beder v. Cleveland Browns, Inc.*, 129 Ohio App. 3d 188, 194, 717 N.E.2d 716, 720 (1998).

Thus, to read section 11—14(a) to permit stimulation through clothing would defeat the statute's purpose. The legislature sought to regulate the *stimulation,* not the dress code of the person stimulated.

Again relying on the majority in *Burgess,* the defendants cite section 12—12(e) of the Code (720 ILCS 5/12—12(e) (West 2000)), which defines "sexual conduct" for the purposes of sections 12—13 through 12—18 of the Code (720 ILCS 5/12—13 through 12—18 (West 2000)), which in turn define crimes of sexual abuse. Section 12—12(e) states:

> " 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, *either directly or through clothing,* of the sex organs, anus or breast of the victim or the accused, \*\*\* for the purpose of sexual gratification or arousal of the victim or the accused." (Emphasis added.) 720 ILCS 5/12—12(e) (West 2000).

The defendants contend that section 11—14(a)'s failure to similarly specify that it prohibits touching or fondling "either directly or through clothing" renders it impermissibly vague on that point.

Again, however, we follow the *Burgess* dissent. Section 12—12(e) may be more explicit, but that does not render section 11—14(a) unconstitutionally vague. See *City of Chicago v. Powell,* 315 Ill. App. 3d 1136, 1146 (2000). As we explained, section 11—14(a) unambiguously prohibits every kind of touching; it is not defective for failing to *list* every kind of touching. Indeed, had the legislature specifically prohibited certain forms of touching, the statute may well have failed of its obvious purpose, to prohibit *all* forms of touching. See *People v. $8,450 United States Currency,* 276 Ill. App. 3d 952, 956 (1995) (under maxim of *inclusio unius est exclusio alterius,* the mention of one implies the exclusion of another).

If section 11—14(a) was ambiguous, we could look to section 12—12(e) to clarify it. However, the defendants cannot invoke section 12—12(e) to create the ambiguity that they attack. Because section 11—14(a) is clear, we have no power to resort to external constructive aids. See *Woodard,* 175 Ill. 2d at 443.

For the same reason, we cannot consider the defendants' contention that the vagueness of section 11—14(a) is demonstrated by its legislative history. The purpose of legislative history is to resolve ambiguities, not to create them. On its face, section 11—14(a) is not vague, and our inquiry ends.

We conclude that, in prohibiting "any touching or fondling," section 11—14(a) was specific enough to inform the defendants that touching through clothing was prohibited and to avoid the risk of arbitrary and discriminatory enforcement. Thus, on this basis, the statute is not unconstitutional.

## V. CONCLUSION

The judgments of the circuit court of Lake County are affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.