**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The City of Aiken, Respondent,

v.

Larry D. Smith, Appellant.

Appellate Case No. 2013-002188

---

Appeal from Aiken County
Doyet A. Early, III, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-001
Heard December 9, 2014 – Filed January 14, 2015

---

**AFFIRMED**

---

Suzanne Higgins Hayes, of Aiken, for Appellant.

Paige E. Tiffany, of Aiken, for Respondent.

---

**PER CURIAM:** This is a direct appeal following Appellant Larry D. Smith's conviction for violating section 22-3(b) of the Aiken City Code,[1] which makes it a

---

[1] Appellant was also charged with disorderly conduct and pointing and presenting a firearm as a result of the underlying incident. Appellant pled guilty to the firearm

criminal offense to "wilfully fail or refuse to comply with a lawful order or direction of a city public safety officer, while such officer is about the duties of his office within the city [of Aiken] or upon properties owned by the city." Although we recognize that there may be the potential for abuse in the application and enforcement of this ordinance in other circumstances, we dispose of this appeal by affirming pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Bouye*, 325 S.C. 260, 265, 484 S.E.2d 461, 463–64 (1997) ("When the issue is the constitutionality of a statute, every presumption will be made in favor of its validity and no statute will be declared unconstitutional unless its invalidity appears so clearly as to leave no doubt that it conflicts with the constitution." (citations and quotations omitted)); *see United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also State v. Neuman*, 384 S.C. 395, 403, 683 S.E.2d 268, 272 (2009) ("'One to whose conduct the law clearly applies does not have standing to challenge it for vagueness.'" (quoting *Curtis v. State*, 345 S.C. 557, 572, 549 S.E.2d 591, 598 (2001))); *Bouye*, 325 S.C. at 265, 484 S.E.2d at 464 ("[T]he overbreadth doctrine applies only to First Amendment cases where the challenged law would have a 'chilling effect' on constitutionally protected forms of speech." (citations and quotations omitted)).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

offense and was sentenced to three years' incarceration. He was convicted of disorderly conduct at a jury trial.