23520

The STATE, Respondent v. William Gregory PERKINS and Deborah Gail Barnette, Appellants.

(412 S.E. (2d) 385)

Supreme Court

*James B. King,* Anderson, *for appellants.*

*Asst. Sol. David F. Stoddard,* Anderson, *for respondent.*

Heard Oct. 30, 1991.

Decided Dec. 9, 1991.

GREGORY, Chief Justice:

Appellants were convicted in magistrate's court of public disorderly conduct pursuant to S.C. Code Ann. § 16-17-530(a) (1985). The circuit court affirmed the convictions. We reverse.

The record indicates the following facts. Appellants went to the Anderson County Sheriff's Office to obtain an incident report regarding an altercation they had with other individuals earlier that day. They needed the incident report in order to obtain a warrant from the magistrate. An employee at the sheriff's office told appellants the report was not yet available. Appellants then "became upset and raised their voices." They were arrested as they were attempting to leave the sheriff's office.

Section 16-17-530(a) provides:

> Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition *or otherwise conducting himself in a disorderly or boisterous manner* . . . shall be deemed guilty of a misdemeanor. . . . (Emphasis added.)

Appellants challenge the underscored statutory provision as unconstitutionally overbroad under the First Amendment when applied to them.

"[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill,* 482 U.S. 451, 461, 107 S. Ct. 2502, 2505, 96 L. Ed. (2d) 398, 412 (1987). The State may not punish a person for voicing an objection to a police officer where no "fighting words" are used. *Norwell v. Cincinnati,* 414 U.S. 14, 94 S. Ct. 187, 38 L. Ed. (2d) 170 (1973). To punish only spoken words addressed to a police officer, a statute must be limited in scope to fighting words that "by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Hill,* 482 U.S. at 461-462, 107 S. Ct. at 2509-10, 96 L. Ed. (2d) at 412 (quoting *Lewis v. City of New Orleans,* 415 U.S. 130, 94 S. Ct. 970, 39 L. Ed. (2d) (1974). As further noted by the United States Supreme Court, the "fighting words" exception may require narrow application in cases involving words addressed to a police officer "because a prop-

erly trained officer may reasonably be expected to exercise a higher degree of restraint than the average citizen." *Hill*, 482 U.S. at 462, 107 S. Ct. at 2510, 96 L. Ed. (2d) at 412. As stated by the high court:

> The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.

*Id.* at 462-63, 107 S. Ct. at 2510, 96 L. Ed. (2d) at 412-13.

Under the foregoing precedent, we conclude appellants cannot be punished under § 16-17-530(a) for voicing their objections to sheriff's officers where the record indicates no use of fighting words.

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.