2240

CITY OF COLUMBIA, Respondent v. Riley BROWN, Appellant.

(450 S.E. (2d) 117)

Court of Appeals

*Asst. Appellate Defender M. Anne Pearce,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Asst. City Atty. Thomas E. Ellenburg,* of *Office of the City Atty.,* Columbia, *for respondent.*

Heard Sept. 7, 1994.

Decided Oct. 10, 1994; Reh. Den. Nov. 22, 1994.

SHAW, Judge:

Riley Brown was convicted in municipal court of violating a City of Columbia ordinance against loitering. On appeal, the circuit court affirmed his conviction. Mr. Brown appeals. We affirm.

On April 24, 1991, at about 9:15 p.m., Columbia City Police officers John Watts and Darren Hicks and a third unidentified officer were standing and talking between two patrol cars, parked on Main Street in Columbia. Officer Watts was patrolling the downtown area and the other two officers were off duty. Officer Hicks saw Mr. Brown walking down the street and said something to Officer Watts about a previous encounter they had with Mr. Brown concerning investigating him for solicitation. Mr. Brown overheard the officers talking and confronted them. According to Officer Watts, Mr. Brown began a verbal barrage directed at the officers. He testified Mr. Brown was cursing, using vile and vulgar language, and that he made racial slurs towards the officers. At first the officers elected to ignore Mr. Brown, but he continued his verbal assault, pacing back and forth on the sidewalk. Officer Watts then advised Mr. Brown to leave the area, but he merely continued his verbal assault. Officer Watts again explained to Mr. Brown that he needed to "be on his way," but Mr. Brown refused. Officer Watts then informed Mr. Brown if he refused to leave the area, *because of his conduct,* he would be arrested. However, Mr. Brown continued his verbal assault, using vulgar and abusive language and making racial slurs. He stated there were approximately ten to fifteen people in the area at the time and six or eight people coming out of a nearby restaurant, all clearly within hearing distance. At this time, Officer Watts placed Mr. Brown under arrest for violating City of Columbia Ordinance § 2-2039, which prohibits loitering.

Officer Hicks similarly testified Mr. Brown apparently overheard their conversation regarding their previous encounter with Mr. Brown and confronted the officers. He

stated Officer Watts asked Mr. Brown to leave, but he remained in the vicinity, talking to them. The officers attempted to ignore Mr. Brown and, at one point, Mr. Brown went to a telephone, but hung the phone up and came back to the area of the officers again. Officer Hicks further testified Mr. Brown's language included obscenities and racial slurs and that Officer Watts asked Mr. Brown to leave the area approximately four times. He stated Mr. Brown was "very loud" and the disturbance caused the people leaving the restaurant to approach the area to discern what was occurring.

Mr. Brown proceeded *pro se* at trial. The trial judge carefully inquired into his background and education, and thoroughly explained the disadvantages of self-representation.

At the close of the case, the trial judge charged § 2-2039(1)(a) and (b) and (2) of the City ordinances to the jury. There were no objections to this charge. The jury returned a verdict of guilty and the judge sentenced Mr. Brown to a fine of $137 or 20 days in jail.

Mr. Brown served a notice of appeal in which he stated ten separate grounds for appeal. The appeal was heard by the circuit court. The circuit judge noted Mr. Brown was proceeding *pro se*. The judge, however, did not ask Mr. Brown if he wanted a lawyer and did not advise him as to the dangers of self-representation on appeal. The circuit court found it was a factual matter for the jury and denied his appeal.

I.

On appeal to this Court, Mr. Brown first contends the city ordinance, as applied in this case, violated his constitutional right to freedom of speech. He asserts the comments which triggered his arrest were political speech protected by the First Amendment. We disagree.

We first note that the constitutionality of the ordinance, if raised at all, was raised by the municipal court judge who expressed concern over whether the statute violated Mr. Brown's right to freedom of speech. The trial judge, however, declined to rule on the matter until he heard Mr. Brown's case. There is no indication this issue was ever raised again, that Mr. Brown requested a ruling, or that the trial judge made a ruling. Contrary to appellant's assertion, his notice of intent to appeal to the circuit court did not ex-

pressly challenge the constitutionality of the ordinance. Further, neither does the record disclose any constitutional issue was argued before or ruled upon by the circuit court, as is asserted by appellant. We therefore find this issue is not properly preserved for appeal.

However, even if we were to consider the issue properly preserved, we find no violation of appellant's constitutional rights.

Columbia, S.C., Code § 2-2039 (1986), entitled "Loitering," provides in pertinent part:

(a) *Definition.* As used in this section, "loitering" shall mean remaining idle in essentially one location, spending time idly, loafing or walking around aimlessly in a public place in such a manner as to:

(1) create or cause to be created any disturbance or annoyance to the comfort and repose of any person; [or]

(2) create or cause to be created a danger of a breach of the peace; . . . .

(b) *Violation.* Any person loitering in any public place as defined above may be ordered by any police officer to leave that place. Any person who shall refuse to leave after being ordered to do so by a police officer shall be guilty of a violation of this section. Nothing in this section shall be construed or enforced in such a manner as to restrict freedom of speech, religion or association.

Appellant asserts, under *State v. Perkins,* 306 S.C. 353, 412 S.E. (2d) 385 (1991), he was arrested in violation of his right to free speech. In that case, Perkins and a codefendant went to the Anderson County Sheriff's Office to get an incident report so that they could obtain a warrant from the magistrate. An employee told them the report was not yet available. Perkins and the codefendant became upset and raised their voices. They were arrested as they attempted to leave the sheriff's office, and charged with violating S.C. Code Ann. § 16-17-530(a), which provides:

Any person how shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition *or otherwise conducting himself in a disorderly or boisterous manner* . . . shall be deemed guilty of a misdemeanor. . . . (Emphasis added.)

The defendants challenged the emphasized language as unconstitutionally overbroad under the First Amendment when applied to them. On appeal, the Supreme Court reversed the convictions, stating:

> "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461, 107 S.Ct. 2502, 2505, 96 L.Ed. (2d) 398, 412 (1987). The State may not punish a person for voicing an objection to a police officer where no "fighting words" are used. *Norwell v. Cincinnati*, 414 U.S. 14, 94 S.Ct. 187, 38 L.Ed. (2d) 170 (1973). To punish only spoken words addressed to a police officer, a statute must be limited in scope to fighting words that "by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Hill*, 482 U.S. at 461-462, 107 S.Ct. at 2509-10, 96 L.Ed. (2d) at 412 (quoting *Lewis v. City of New Orleans*, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed. (2d) 214 (1974)). As further noted by the United States Supreme Court, the "fighting words" exception may require narrow application in cases involving words addressed to a police officer "because a properly trained officer may reasonably be expected to exercise a higher degree of restraint than the average citizen." *Hill*, 482 U.S. at 462, 107 S.Ct. at 2510, 96 L.Ed. (2d) at 412. As stated by the high court:
>> The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.
> *Id.* at 462-63, 107 S.Ct. at 2510, 96 L.Ed. (2d) at 412-13.
>> Under the foregoing precedent, we conclude appellants cannot be punished under § 16-17-530(a) for voicing their objections to sheriff's officers where the record indicates no use of fighting words.

412 S.E. (2d) at 386.

We find *State v. Perkins* easily distinguishable from the case before us. The record in this case clearly demonstrates Mr. Brown's use of fighting words, unlike the record in *Perkins*. Mr. Brown was arrested while shouting obscentites and racial slurs on a public street where private citizens were

approaching, while the defendants in *Perkins* were arrested at the Sheriff's Office. Mr. Brown was arrested only after being told *at least three times* by the officers to leave, while the defendants in *Perkins* were arrested as they were attempting to leave the sheriff's office. Further, the record clearly shows that Mr. Brown was not opposing or challenging any police action, as he undisputably, injected himself into the officers' private conversation and continued a verbal assault on them after they ignored him and repeatedly asked him to leave. Finally, the ordinance in this case did not "punish only spoken words addressed to a police officer," but required that the accused "[remain] idle in essentially one location . . . . in a public place *in such a manner* as to create or cause to be created any disturbance . . . or . . . a danger of a breach of the peace." (Emphasis added.) By the very nature of the ordinance, it is limited in application to situations in which the behavior of the person incites a disturbance or breach of the peace. Appellant was not arrested merely for his words, but for his behavior, which included his words.

Accordingly, we find the ordinance, as applied to appellant, is not unconstitutionally overbroad. We further find the appellant's behavior met the requirement of "fighting words" under *Perkins* and that Officer Watts clearly exercised a higher degree of restraint than that expected from the average citizen.

## II.

Appellant next argues that, although the record reflected he knowingly waived his right to counsel at trial, the circuit court on appeal never advised him he was entitled to counsel on appeal, never inquired whether he was represented by counsel, and made no finding as to waiver. Appellant claims the matter should be remanded for a hearing to determine whether he fully understood his rights. We disagree.

The trial judges thoroughly explained to Mr. Brown the dangers and disadvantages of self-representation. Mr. Brown insisted on representing himself, however. The record indicates he had sufficient knowledge and background to attempt self-representation. Mr. Brown claimed he needed only three credits to graduate with a degree in criminal justice. He also asserted he was a graduate student working towards obtain-

ing a Master's Degree in psychology. He successfully moved to sequester the witnesses, and made a number of appropriate and timely objections, and motions.

Assuming appellant was entitled to appellate counsel before the circuit, we hold the court was not required to make a second specific inquiry to determine whether he made his decision to continue proceeding *pro se* "with his eyes open." *Cf. Salley v. State,* 306 S.C. 213, 410 S.E. (2d) 921 (1991) (where the trial judge has a duty to ensure a defendant makes an intelligent and competent waiver of the right to counsel, but makes no specific inquiry of the defendant, the appellate court will look to the record to discern whether there are facts to show the defendant had sufficient background or was apprised of his right by some other source so as to constitute a knowing and intelligent waiver of the right to counsel). We find the record reflects Mr. Brown's decision to represent himself both at trial and on appeal to the circuit court was made with an understanding of the risks of self-representation, that is, he knew what he was doing and his choice was made with eyes open. Further, the appellant was represented by counsel before this court. Although it is questionable whether the issue of the constitutionality of the ordinance as applied to Mr. Brown was properly preserved, this court, in an abundance of caution, nevertheless addressed the issue. Accordingly, we find no error.

For the foregoing reasons, Mr. Brown's conviction is

Affirmed.

GOOLSBY, J., and HOWARD, A.J., concur.