537 S.E.2d 563

**The STATE, Appellant,**

v.

**James L. PITTMAN, Respondent.**

No. 3245.

Court of Appeals of South Carolina.

Heard Sept. 12, 2000.

Decided Sept. 25, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Assistant Attorney General J. Benjamin Aplin, all of Columbia; and Solicitor Thomas E. Pope, of York, for Appellant.

J. Dennis Bolt, of Columbia, for Respondent.

ANDERSON, Judge:

James L. Pittman was indicted for resisting arrest, which stemmed from an arrest for public disorderly conduct. The trial judge dismissed the resisting arrest charge. The State appeals. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

On March 13, 1998, Pittman was a passenger in a van stopped by Officer Johnny Martin with the York County Sheriff's Department. While Officer Martin was talking with the driver, he noticed Pittman reach under the seat. Officer Martin, unsure if Pittman was reaching for a weapon, asked Pittman to step out of the vehicle. Officer Martin testified:

> He acted like he didn't want to get out. He said he wouldn't get out. He finally got out. He was grossly intoxicated, became very loud and boisterous, basically disorderly. At that time I placed him under arrest for public disorderly conduct and he was placed in the back of the patrol car.

Officer Martin transported the driver and Pittman to the York County Detention Center. En route to the jail, Pittman became very angry. He threatened Officer Martin, stating he was a kick-boxer and would get even with Officer Martin once he got out of jail. Pittman kicked the shields of the windows on the patrol car. Officer Martin stopped the car, walked around to the passenger side, and opened the back door. Pittman was still kicking so Martin sprayed him with O.C. spray. Pittman kicked the door open, exited the patrol car, and kicked Officer Martin in the head.

During a pre-trial hearing, Pittman moved to dismiss the resisting arrest charge. He claimed his initial arrest for public disorderly conduct was unlawful and, therefore, the resisting arrest charge was unlawful. Officer Martin testified *in camera*. The trial judge granted the motion to dismiss. The State appeals.

## ISSUE

Did the trial court err in dismissing the charge of resisting arrest and in refusing to allow the State to present evidence to the jury regarding probable cause for the underlying arrest of Pittman for public disorderly conduct?

## LAW/ANALYSIS

The State contends the trial judge erred in dismissing the resisting arrest charge and "in foreclosing the State from presenting evidence to the jury that there was probable cause for the underlying arrest of [Pittman] for public disorderly conduct." We agree.

Pittman's basis for the motion to dismiss was: (1) Pittman used profanity and was loud and boisterous only to the police officers, which is not grounds, according to *State v. Perkins*, 306 S.C. 353, 412 S.E.2d 385 (1991), for public disorderly conduct under S.C.Code Ann. § 16–17–530 (1985); and (2) any gross intoxication observed was while Pittman was a passenger in a vehicle and thus did not satisfy § 16–17–530.

Section 16–17–530 provides:

Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner, (b) use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church ... shall be deemed guilty of a misdemeanor....

Pittman asserts his use of profane, loud, and boisterous language was directed solely at the officers and in opposition to police action. Pittman claims that, because of this, the officer had no ground to arrest him. Pittman relies on *State v. Perkins*, 306 S.C. 353, 412 S.E.2d 385 (1991):

"[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 2505, 96 L.Ed.2d 398, 412 (1987). The State may not punish a person for voicing an objection to a police officer where no "fighting words" are used. *Norwell v. Cincinnati,* 414 U.S. 14, 94 S.Ct. 187, 38 L.Ed.2d 170 (1973).....

... [W]e conclude appellants cannot be punished under § 16–17–530(a) for voicing their objections to sheriff's officers where the record indicates no use of fighting words.

*Perkins,* 306 S.C. at 354–55, 412 S.E.2d at 386.

We agree that if Pittman's only disorderly behavior had been to use profanity, or to complain about Officer Martin removing him from the vehicle, he could not be arrested for public disorderly conduct. However, that was not the extent of Pittman's behavior according to Officer Martin's testimony. Officer Martin declared:

> **[Pittman] was grossly intoxicated,** became very loud and boisterous, basically disorderly. At that time I placed him under arrest for public disorderly conduct....
>
> . . . .
>
> ... As far as the statements or anything he made at that time as far as being loud and boisterous, I can't testify to what actually he said, but he was very loud, boisterous, **basically grossly intoxicated.**

The following exchange occurred when Officer Martin was cross-examined by defense counsel:

Q. So what's the first thing you said to Mr. Pittman when you approached the passenger door of the van?

A. I advised him to get out of the vehicle.

Q. Did he ultimately get out?

A. After a few minutes he did, yes, sir.

Q. Did he at first tell you he did not want to get out?

A. Yes, sir, he did.

Q. Did he say he had been drinking?

A. He advised that he did not want to get out of the vehicle, and he didn't have to. I advised he did have to because he was reaching under the front seat.

Q. Did he tell you he had been drinking?

A. **It was very obvious he had been drinking, sir.**

The officer's decision to arrest Pittman for public disorderly conduct under § 16–17–530 was based on more than just his language. Review of the testimony presented reveals the arrest was also grounded upon the gross intoxication of Pittman in a public place.

Defense counsel argued because Officer Martin knew Pittman was intoxicated while a passenger in a vehicle, as opposed to standing or walking on the street, Pittman could not be charged with a violation of § 16–17–530. During the hearing, defense counsel produced the supplemental incident report filed by Officer Martin which read: "Subject two [Pittman] was intoxicated. Reporting officer asked subject to get out of the vehicle. Subject two got out of the vehicle and became very loud and disorderly." Pittman's counsel maintained: "So the intoxication he talks about was while he was in the car and I don't believe he can be charged with intoxication while in the car." The State contended that even if the arrest failed under *State v. Perkins*, 306 S.C. 353, 412 S.E.2d 385 (1991), it would still be valid under the grossly intoxicated portion of the statute.

In *State v. Galloway*, 305 S.C. 258, 407 S.E.2d 662 (Ct.App. 1991), this Court, addressing a situation similar to the case at bar, upheld the applicability of the public disorderly conduct statute to an intoxicated passenger riding in an automobile. The Court explained the facts:

Upon stopping Mann's vehicle, Deputy Burriss arrested Mann for driving while under the influence, possession of marijuana, and driving under suspension as an habitual offender. He asked Galloway, who was seated in the front passenger seat, to remain in the car. Nonetheless, Galloway attempted repeatedly to get out of the car and in the process tossed a beer can and a plastic cup on the road. Galloway ultimately did get out of the car against Deputy Burriss's instructions, at which time the deputy observed him to be obviously intoxicated and unable to drive. Burriss instructed him to get back into the car and wait. He then called for a wrecker to remove the car. At that point he did not intend to arrest Galloway, although he was going

to ticket Galloway for possession of an open alcoholic beverage container in a vehicle and for littering.

Deputy Porter arrived at the scene to assist Burriss. Burriss continued with Mann's arrest, and while writing the car's serial number on a tow sheet, Galloway mumbled something to him. Burriss then went to the passenger side of the car and began picking up the beer can and cup. Galloway shouted obscene names at him and made repeated statements replete with vulgar expletives. Burriss then advised him he was under arrest and at least twice asked him to step out of the car.

*Galloway*, 305 S.C. at 260–61, 407 S.E.2d at 664.

The facts in the case *sub judice* are slightly, but not significantly, different from those in *Galloway*. Galloway exited the vehicle voluntarily and set foot on the highway. However, the officer did not arrest him at that time for disorderly conduct. Galloway returned to the vehicle and began berating the officers with vulgar language and expletives. Galloway was then arrested for a violation of S.C.Code Ann. § 16–17–530 and later charged with resisting arrest. On appeal from his conviction for resisting arrest, Galloway argued the trial judge erred in denying his motion for directed verdict on the resisting arrest charge because there was no evidence the officers had probable cause to arrest him for the underlying offense of disorderly conduct. The Court held:

Viewed in the light most favorable to the State, the officers' testimony established the existence of probable cause to arrest Galloway. *See State v. Roper*, 274 S.C. 14, 260 S.E.2d 705 (1979). **Their evidence showed that Galloway was not only on the highway in a grossly intoxicated state, but also that he was conducting himself in a boisterous manner and using obscene and profane language.** The judge, therefore, properly denied the motion for directed verdict. *See State v. Mathis*, 287 S.C. 589, 340 S.E.2d 538 (1986).

*Galloway*, 305 S.C. at 263, 407 S.E.2d at 665 (emphasis added).

Although our Supreme Court decided *Perkins* after this Court decided *Galloway*, the law established in *Galloway* has not been overruled and was not invalidated by the *Perkins* holding. *Perkins* requires more than profanity or loud and

boisterous behavior directed at the officers. The decision in *Galloway* makes clear it was based on the fact that Galloway was boisterous, using obscenities, *and grossly intoxicated.* Furthermore, "the authorities are ample in support of [the] proposition" that "a person inside of his automobile on a public street is in a 'public place' within the meaning of ... [disorderly conduct] ordinance[s]." *People v. Johnson,* 12 Mich. App. 139, 162 N.W.2d 667, 669 (1968). *See also Miles v. State,* 247 Ind. 423, 216 N.E.2d 847 (1966)(defendant who was in cab of truck with window open, parked three or four feet from traveled portion of busy highway, was in a "public place" within statute prohibiting being intoxicated in public place).

■■■ We conclude S.C.Code Ann. § 16–17–530 applies to a grossly intoxicated passenger riding in a vehicle "on any highway." [1] Section 16–17–530 makes it a crime for any person to be "on any highway or at any public place ... in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner." This Section is not limited to the use of an automobile while under the influence of intoxicating liquor. The quiddity of the offense is not the operation of a motor vehicle or the presence of the defendant in the motor vehicle while intoxicated, but is the act of being on any highway or at any public place in a grossly intoxicated condition. If a defendant is grossly intoxicated while riding in an automobile on a public highway, he is guilty of a violation of § 16–17–530. The fact that the defendant is not driving the automobile does not affect the charge under this section. Further, an individual may be charged with public disorderly conduct whether he is a pedestrian or a passenger in a vehicle, *if the individual is grossly intoxicated.*

## CONCLUSION

■■■ We find the State presented sufficient evidence to support an arrest under § 16–17–530. Officer Martin's testimony establishes Pittman was arrested for both his language and for being grossly intoxicated. The charge of public

---

1. Via four opinions, the Office of the Attorney General of South Carolina announced a concurrence in this view. *See Op. Atty. Gen.,* Oct. 10, 1996; *Op. Atty. Gen.,* July 11, 1969; *Op. Atty. Gen.,* March 6, 1963; *Op. Atty. Gen.,* Op. No. 1102 (May 3, 1961).

552

disorderly conduct and the subsequent resulting charge of resisting arrest should have been presented to the jury. The trial court erred in granting Pittman's motion to dismiss the resisting arrest charge. Accordingly, the judge's ruling granting the motion to dismiss is reversed and the case is remanded.

**REVERSED and REMANDED.**

GOOLSBY and HUFF, JJ., concur.