606 S.E.2d 766

**In the Interest of JEREMIAH W., a minor under the age of seventeen, Respondent.**

No. 25906.

Supreme Court of South Carolina.

Heard Nov. 3, 2004.

Decided Dec. 6, 2004.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia, and Edgar Lewis Clements, III, of Florence, for petitioner.

Assistant Appellate Defender Robert M. Dudek, of S.C. Office of Appellate Defense, of Columbia, for respondent.

Justice MOORE:

The family court adjudicated respondent delinquent on charges of threatening a public official and breach of peace. He was committed to the Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday. The Court of Appeals reversed. *In re Jeremiah W.*, 353 S.C. 90, 576 S.E.2d 185 (Ct.App.2003). We now affirm in part and reverse in part.

## ISSUES

I. Did the Court of Appeals err by finding a directed verdict should have been entered on the charge of breach of peace?

II. Did the Court of Appeals err by finding a directed verdict should have been entered on the charge of threatening a public official?

## DISCUSSION

### I

Respondent was arrested after an encounter with Officer Mickey Cooke, who was working off-duty as a security officer for Magnolia Trace Apartments. As Officer Cooke and another officer, Gloria Howard, were sitting at the front of the complex, respondent walked by from inside the complex. Officer Cooke testified Officer Howard informed him she thought respondent had already been given a trespassing warning. Officer Cooke stated he then attempted to call respondent over to the car, but respondent answered by saying, "Fuck you, man. I ain't got to come over there" and continued to walk on. Officer Cooke stated he got out of his car and intercepted respondent. When Officer Cooke reached him, respondent pulled his pants up and said, "What?" with his arms bowed out in a backward position. At the time, there were several people standing in front of the complex about thirty to forty feet away. Officer Cooke testified he then told respondent he was placing him under arrest for breach of peace for being loud and boisterous and using profanity in public.

A majority of the Court of Appeals found respondent's conduct did not constitute a breach of peace and, therefore, that his arrest was illegal. We find the Court of Appeals properly held the trial court should have granted a directed verdict in respondent's favor on the breach of peace charge. *See State v. Perkins*, 306 S.C. 353, 412 S.E.2d 385 (1991) (First Amendment protects a significant amount of verbal criticism and challenge directed at police officers; State may not punish a person for voicing an objection to a police officer where no fighting words are used); *State v. Poinsett*, 250 S.C. 293, 157

S.E.2d 570 (1967) (breach of peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence); *State v. Peer*, 320 S.C. 546, 466 S.E.2d 375 (Ct.App.1996) (although breach of peace includes acts likely to produce violence in others, actual violence is not an element of breach of peace).

## II

The State argues the Court of Appeals erred by finding a directed verdict should have been entered on the charge of threatening a public official.[1]

Officer Cooke placed respondent, who was handcuffed, into the back of the patrol car. During the ride, respondent refused to answer Officer Cooke's questions and used profanity. He also leaned forward through the opening of the plexiglass separating the front from the rear of the patrol car and yelled at the officer. After Officer Cooke told respondent to sit back, Officer Cooke testified respondent made a gesture as if he was going to spit at Officer Cooke. The officer then sprayed the back seat with pepper spray. At the time of the spraying, Officer Cooke testified respondent stated he had a gun, and he was "going to come blow my 'f-ing' head off."

The Court of Appeals, after finding respondent was unlawfully arrested on the charge of breach of peace; found that the charge for threatening a public official was not a new and distinct crime. The Court of Appeals, finding *State v. Nelson*, 336 S.C. 186, 519 S.E.2d 786 (1999) distinguishable, found that the actions that led to respondent's charge for threatening a public official were part of a continuous flow of action and conduct emanating directly from his unlawful arrest for breach of peace. As a result, the court reversed respondent's conviction on the threat charge.

---

1. S.C.Code Ann. § 16-3-1040(A) (2003), the statute pursuant to which respondent was charged, provides:

   It is unlawful for a person knowingly and wilfully to ... convey to a public official ... any verbal ... communication which contains a threat to take the life of or to inflict bodily harm upon the public official ... if the threat is directly related to the public official's ... professional responsibilities.

In *State v. Nelson, supra,* an officer attempted to stop Nelson, who was driving at the time, to inquire about a previous altercation Nelson had with a person in the community. During the attempted stop, the officer flashed his lights in order to get Nelson's attention. However, Nelson did not respond but allegedly rolled through a stop sign and began speeding. The officer then decided to stop Nelson for running a stop sign and speeding through a residential neighborhood. This Court stated, "even assuming [the officer's] initial attempt to stop [Nelson] was unlawful, [Nelson's] acts of running the stop sign and speeding through the neighborhood constituted new and distinct crimes for which [the officer] had probable cause to stop [Nelson]." *Nelson,* 336 S.C. at 194, 519 S.E.2d at 790.

In *Nelson,* we held that new and distinct criminal acts do not qualify as "fruit of the poisonous tree" [2] merely because such acts were causally connected to police misconduct. We stated, " 'There is a strong policy reason for holding that a new and distinct crime, even if triggered by an illegal stop, is a sufficient intervening event to provide independent grounds for arrest.' " *Id.* at 194, 519 S.E.2d at 790 (quoting *United States v. Sprinkle,* 106 F.3d 613, 619 (4th Cir.1997)).

The question, therefore, is whether respondent's threat to Officer Cooke constituted a new and distinct crime that provided independent grounds for his arrest. While the Court of Appeals believed respondent was merely challenging the officer's ability to arrest him, the language used by respondent in the police car went further and constituted a new and distinct offense of threatening a public official. The language used by respondent did not challenge the officer's authority to arrest him, but was a willful communication "which contain[ed] a threat to take the life of or to inflict bodily harm upon [Officer Cooke] . . .; [a threat which was] directly related to [Officer Cooke's] . . . professional responsibilities." S.C.Code Ann. § 16–3–1040(A) (2003).

---

**2.** The "fruit of the poisonous tree" doctrine holds that evidence which is produced by or directly derived from an illegal search is generally inadmissible against the defendant because of its original taint, though knowledge of facts gained independently of the original and tainted search is admissible. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Simply because respondent's threat was causally connected to police misconduct does not therefore mean that the threat qualifies as "fruit of the poisonous tree." *See Nelson, supra.* While it is true the second offense would not have arisen but for the unlawful arrest for the first offense, as stated in *Nelson,* there is a strong policy reason for holding that a new and distinct crime, even if triggered by an unlawful arrest, is a sufficient intervening event to provide independent grounds for arrest. *See United States v. Sprinkle,* 106 F.3d 613 (4th Cir.1997) (if suspect's response to illegal stop is itself a new and distinct crime, then police constitutionally may arrest suspect for that crime); *United States v. Bailey,* 691 F.2d 1009 (11th Cir.1982), *cert. denied,* 461 U.S. 933, 103 S.Ct. 2098, 77 L.Ed.2d 306 (1983) (same).

Accordingly, the Court of Appeals erred by finding respondent's threat to Officer Cooke, although made after he was unlawfully arrested for breach of peace, was not a new and distinct crime for which he could be arrested. *Accord United States v. Waupekenay,* 973 F.2d 1533 (10th Cir.1992) (although police entered suspect's home illegally, suspect commenced new illegal activity when he aimed semi-automatic rifle at police); *State v. Windus,* 207 Ariz. 328, 86 P.3d 384 (App.2004) (although officers unlawfully entered defendant's yard, officers did not exploit their unlawful entry to provoke defendant's new, distinct criminal conduct consisting of an aggravated assault and resisting arrest); *Clark v. United States,* 755 A.2d 1026 (D.C.2000) (even if defendant was under unlawful arrest when he threatened police officer with bodily harm, evidence of that crime would not be suppressed as "fruit of the poisonous tree," as the commission of the threat was an intervening act that purged any taint associated with the unlawful arrest); *State v. Miskimins,* 435 N.W.2d 217 (S.D.1989) (where defendant's response to unlawful action by police is itself a new, distinct criminal act, there are sound policy reasons for not suppressing this evidence).

## CONCLUSION

We affirm the Court of Appeals' decision finding the trial court should have granted a directed verdict on the charge of breach of peace. However, we reverse the Court of Appeals' decision finding the trial court should have granted a directed

verdict on the charge of threatening a public official. Therefore, the Court of Appeals' decision is

**AFFIRMED IN PART, REVERSED IN PART.**

hTOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.