654 S.E.2d 98

**The STATE, Respondent,**

v.

**Herbert Edward GAULT, Appellant.**

**No. 4305.**

Court of Appeals of South Carolina.

Heard Sept. 9, 2007.
Decided Oct. 19, 2007.
Rehearing Denied Dec. 20, 2007.

J. Faulkner Wilkes, of Greenville, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, Senior Assistant Attorney General Harold M. Coombs, Jr., all of the Office of the Attorney General of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

HEARN, C.J.:

Herbert Gault appeals the circuit court's decision to affirm his conviction of public disorderly conduct. Specifically, he argues the magistrate court erred in refusing to direct a verdict in his favor and in improperly excluding relevant evidence. We affirm.

## FACTS

On April 14, 2005, Officer Albert B. Phillips of the Cherokee County Metro Narcotics Unit observed a car swerving repeatedly. Officer Phillips was prepared that day to work undercover, wearing a Fila tee-shirt, a black jacket, and a skull cap. After observing the swerving car, Officer Phillips initiated a traffic stop in his undercover vehicle, a black Pontiac Trans Am with tinted windows. He placed a flashing blue light on the front dash of his undercover vehicle to initiate the stop. The driver, Gault, an owner of an automotive repair store, drove several hundred yards and pulled over at his place of business. While Phillips remained in the car to call in the stop to the dispatcher, Gault exited his vehicle and approached the officer. Gault's demeanor was loud and belligerent according to Phillips, and he insisted that Phillips was not an officer even after seeing a badge. A uniformed officer arrived twelve minutes after Phillips made the initial stop. He testified to Gault's continued belligerence and yelling.

Gault was charged with reckless driving and public disorderly conduct. The jury found Gault not guilty of reckless driving and guilty of public disorderly conduct. He appealed to the circuit court arguing the same issues that he presents today. The circuit court affirmed the magistrate court. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Thus, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.*

## LAW/ANALYSIS

Gault first argues the circuit court erred in affirming the magistrate court's decision to deny his motion for directed verdict. We disagree.

When ruling on a motion for directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight. *State v. Weston,* 367 S.C. 279, 292,

625 S.E.2d 641, 648 (2006). In reviewing a motion for directed verdict, the appellate court views the evidence and all reasonable inferences in the light most favorable to the State. *Id.*

In the present case, evidence exists to support a verdict of public disorderly conduct. The pertinent part of the public disorderly conduct statute provides that it is a misdemeanor for a person to "be found on any highway or at any public place or public gathering ... otherwise conducting himself in a disorderly or boisterous manner," or to, "use obscene or profane language on any highway or at any public place or gathering...." S.C.Code Ann. § 16–17–530 (2003). Officer Phillips testified that after Gault pulled into his place of business, Gault jumped out of his car and screamed, "I don't know you. Somebody is going to kill you for this." He testified that Gault was loudly using profanity and repeatedly saying that he looked like a hoodlum. Phillips further testified that upon identifying himself as an officer and showing Gault his badge, Gault grabbed his badge and pulled Phillips close, saying "I don't know you." An officer who arrived at the scene shortly thereafter also testified to Gault's continued belligerent, threatening, and disorderly behavior. Because evidence exists to support a charge against Gault for public disorderly conduct, the magistrate court judge did not err in refusing to direct a verdict.

█ On appeal to the circuit court, Gault also argued that his speech when confronting the officers could not constitute public disorderly conduct because it did not rise to the level of "fighting words," and was therefore protected by the First Amendment pursuant to *State v. Perkins*, 306 S.C. 353, 355, 412 S.E.2d 385, 386 (1991) ("[A]ppellants cannot be punished under § 16–17–530(a) for voicing their objections to sheriff's officers where the record indicates no use of fighting words."). Gault also advances this argument in his appeal, however, because the issue was not raised before the magistrate, it is not preserved for our review.

In Gault's motion for a directed verdict, he made no mention of the First Amendment, *Perkins*, or the "fighting words" exception. Rather, he argued there was no evidence that Gault "threatened" Officer Phillips, and that Gault was rightfully agitated because he initially thought Phillips was not a

policeman. *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue not preserved when one ground is raised to the trial court and another ground is raised on appeal); *See In re Care and Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct.App.2005) (explaining that constitutional issues, like most others, must be raised to and ruled upon by the trial court to be preserved for appeal).

Gault next argues the circuit court erred in affirming the magistrate court's denial of the admission of photographs illustrating the dark tint on Officer Phillips' windows. We disagree.

■ The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006). An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law. *Id.* Furthermore, for an error of law to warrant reversal based on admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the verdict was influenced by the challenged evidence or the lack thereof. *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005).

■ First, it is unclear to this court how the tint on the officer's window is relevant. Gault elicited testimony regarding Officer Phillips' vehicle and attire to show that Gault was reasonable in not believing Phillips was a law enforcement officer. However, a belief that a person is or is not a police officer is not an element of the charge of public disorderly conduct. Therefore, we find the window-tint evidence was properly excluded.

Further, Gault had already testified that the windows were tinted, so the photographs would have only served as cumulative evidence. Because the jury was already informed of the tinted windows, the exclusion of the photographs showing the tint was not prejudicial to Gault. Accordingly, the circuit court was correct in affirming the magistrate court's exclusion of the evidence. *See* Rule 403, SCRE (allowing evidence to be excluded if its probative value is outweighed by considerations

of needless presentation of cumulative evidence); *State v. Hess,* 279 S.C. 14, 18–19, 301 S.E.2d 547, 550 (1983) (finding no abuse of discretion where the excluded testimony is merely cumulative of other evidence proffered to the jury).

## CONCLUSION

Based on the foregoing, the order of the circuit court is hereby

**AFFIRMED.**

ANDERSON and THOMAS, JJ., concur.