THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Herbert Wincell
 Davis, Jr., Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-167
Submitted April 23, 2009  Filed April 27,
 2009
AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant. 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Michelle J. Parsons, and Solicitor Warren B. Giese, all of
 Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Herbert Wincell Davis, Jr., appeals
 his conviction and five-year sentence for criminal domestic violence, third or greater
 offense, arguing the trial court erred in admitting prejudicial testimony and
 improper rebuttal evidence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the
 following authorities:    
1.  As
 to whether the trial court erred in admitting prejudicial testimony by the
 victim concerning comforting her son after the incident:  Rule 401, SCRE (defining
 relevant evidence as evidence that has "any tendency to make the existence
 of any fact that is of consequence to the determination of the action more
 probable or less probable than it would be without the evidence."); State
 v. Gillian, 373 S.C. 601, 613, 646 S.E.2d 872, 878 (2007) (holding admission
 or exclusion of evidence is a matter within the trial court's sound discretion,
 to be disturbed only upon a showing of a manifest abuse of discretion accompanied
 by probable prejudice); State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d
 262, 265 (2006) (finding abuse of discretion occurs when conclusions of
 the trial court either lack evidentiary support or are controlled by an error
 of law); State v. Aleksey, 343 S.C. 20, 35, 538 S.E.2d 248,
 256 (2000) (giving the trial court broad discretion in ruling on questions
 concerning the relevancy of evidence, and requiring clear abuse of discretion
 for reversal); State v. Gault, 375 S.C. 570, 574, 654 S.E.2d 98, 100 (Ct.
 App. 2007) (requiring a showing of prejudice to include reasonable probability
 that the jury's verdict was influenced by the challenged evidence).  
2.  As
 to whether the trial court erred in permitting the State to introduce evidence
 in a wholly new area on rebuttal:  State v. Watson, 353 S.C. 620, 624,
 579 S.E.2d 148, 150 (Ct. App. 2003) (holding after a trial court admits
 evidence of new matter in the State's rebuttal, the accused is entitled to
 present additional evidence in surrebuttal but placing the decision whether to
 admit such evidence "very much in the discretion of the trial judge."); State v. Farrow, 332 S.C. 190, 194, 504 S.E.2d 131, 133 (Ct. App. 1998)
 (recognizing admissibility of reply testimony offered in "rebuttal of
 matters raised in defense" and placing admission of reply testimony within
 the sound discretion of the trial court).  
AFFIRMED.
PIEPER and LOCKEMY, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.