THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Danny Wooten, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

Appeal From Pickens County
Larry R. Patterson, Trial Judge
 Edward W. Miller, Post-Conviction Relief
 Judge
Unpublished Opinion No. 2009-UP-342
Submitted May 1, 2009  Filed June 18,
 2009    
AFFIRMED

 
 
 
 Tricia A. Blanchette, of Columbia, for Petitioner.
 Assistant Attorney General Karen C. Ratigan, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Petitioner seeks a writ of certiorari from
 the denial of his application for post-conviction relief (PCR).[1]
Because there is sufficient evidence to support the PCR judges finding that
 petitioner did not knowingly and intelligently waive his right to a direct
 appeal, we grant certiorari on petitioners Question I and proceed with a
 review of the direct appeal issue pursuant to Davis v. State, 288 S.C.
 290, 342 S.E.2d 60 (1986).  We deny the petition for a writ of certiorari
 as to petitioners Questions II and III.  
Petitioner's conviction and sentence are affirmed pursuant to Rule
 220(b)(1), SCACR, and the following authorities:  State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006)
 ("The admission of evidence is within the discretion of the trial court
 and will not be reversed absent an abuse of discretion."); State v.
 Council, 335 S.C. 1, 12-13, 515 S.E.2d 508, 514 (1999) ("The decision
 to grant or deny a motion for a mistrial is a matter within a trial court's
 sound discretion, and such a decision will not be disturbed on appeal absent an
 abuse of discretion amounting to an error of law."); State v. Gault,
 375 S.C. 570, 574, 654 S.E.2d 98, 100 (Ct. App. 2007) ("[F]or an
 error of law to warrant reversal based on admission or exclusion of evidence, the appellant must prove both the error
 of the ruling and the resulting prejudice, i.e., that
 there is a reasonable probability the verdict was influenced by the challenged
 evidence or the lack thereof."); State v. Adams, 354 S.C. 361, 378,
 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial judge's decision regarding
 the comparative probative value and prejudicial effect of evidence should be
 reversed only in exceptional circumstances.").  
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.