**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Xavier Hemingway, Appellant.

Appellate Case No. 2014-002603

―――――――――――――――

Appeal From Horry County
Deadra L. Jefferson, Circuit Court Judge

―――――――――――――――

Unpublished Opinion No. 2017-UP-242
Heard April 17, 2017 – Filed June 14, 2017

―――――――――――――――

**AFFIRMED**

―――――――――――――――

Benjamin Rushton Matthews, of Matthews & Megna, LLC, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Deputy Attorney General David A. Spencer, Assistant Attorney General Johnny Ellis James, Jr., all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

―――――――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Aleksey*, 343 S.C. 20, 35, 538 S.E.2d 248, 256 (2000) ("The trial [court] is given broad discretion in ruling on questions concerning the relevancy of evidence, and [its] decision will be reversed only if there is a clear abuse of discretion."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Battle*, 408 S.C. 109, 119, 757 S.E.2d 737, 742 (Ct. App. 2014) ("The task of determining the weight of the evidence lies within the exclusive province of the jury."); *People v. Bailey*, 191 Colo. 366, 371, 552 P.2d 1014, 1018 (1976) ("It is not essential that the identification of allegedly stolen property be totally free from doubt in order to be admissible, but rather the uncertainty of the identification of the alleged stolen property goes to the weight of the evidence."); *State v. Gault*, 375 S.C. 570, 574, 654 S.E.2d 98, 100 (Ct. App. 2007) ("[T]o warrant reversal based on admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice . . . .").[1]

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] Although we find Detective Elliot's testimony about finding the Xbox 360s and laptops in Lisa Livingston's trailer was admissible, we also find Hemingway waived any objection when he told the trial court he felt the testimony was beneficial to him. *See Ligon v. Norris*, 371 S.C. 625, 634, 640 S.E.2d 467, 472 (Ct. App. 2006) ("An objection withdrawn at trial constitutes an express waiver of the issue and does not preserve the issue for appellate review."). Additionally, on cross-examination, Hemingway asked Detective Elliot what items were found in Livingston's trailer. *See State v. Von Dohlen*, 322 S.C. 234, 247, 471 S.E.2d 689, 697 (1996) (finding one who purposefully elicits testimony on a particular subject without reserving his objections and receives the relevant response waives any alleged error). In any event, as this testimony was properly admitted, we find no error.