**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Samuel Lee Broadway, Appellant.

Appellate Case No. 2017-002104

———————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-118
Submitted March 1, 2020 – Filed April 29, 2020

———————

**AFFIRMED**

———————

Christopher Reginald Geel, of Geel Law Firm, LLC, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Samuel Lee Broadway appeals his conviction for leaving the scene of an accident that resulted in death and sentence of eighteen years' imprisonment suspended on the service of eight years. On appeal, Broadway

argues the trial court erred by (1) sustaining the State's hearsay objections and (2) overruling his pretrial motion to exclude video evidence under *Jackson v. Denno*.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not abuse its discretion in sustaining the State's hearsay objections because Broadway offered the statement for the truth of the matter asserted.  *See State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Gault*, 375 S.C. 570, 574, 654 S.E.2d 98, 100 (Ct. App. 2007) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *id*. ("[T]o warrant reversal based on admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice . . . ."); Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 801(a), SCRE ("A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."); *Assertion, Black's Law Dictionary* (11th ed. 2019) (defining an assertion as "[a] declaration or allegation" or "the act or an instance of engaging in communicative behavior").  Broadway's various arguments as to why the statement was admissible do not apply to this case.  *See Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 70, 773 S.E.2d 607, 613 (Ct. App. 2015) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are non[-]hearsay." (quoting *Kepner Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994))); S.C. Code Ann. § 56-5-1210(A) (2018) ("The driver of a vehicle involved in an accident resulting in injury to or the death of a person immediately shall stop the vehicle at the scene of the accident or as close to it as possible.  He then shall return to and in every event shall remain at the scene of the accident . . . . However, he may temporarily leave the scene to report the accident *to the proper authorities*." (emphasis added)); *Webb v. Elrod*, 308 S.C. 445, 449, 418 S.E.2d 559, 562 (Ct. App. 1992) ("Proof of a statement introduced for the purpose of showing a *party* relied and acted upon it is not objectionable on the ground of hearsay." (emphasis added)); *State v. Lewis*, 293 S.C. 107, 110-11, 359 S.E.2d 66, 68 (1987) ("[Co-defendant's] testimony regarding what third parties told him as to Lewis's alleged threats to kill him was not hearsay as it was not offered to prove that Lewis intended to kill him.  Rather it was offered to show [co-defendant's] state of mind, that is, the reason he bought a gun and had it with him on the night

---

[1] 378 U.S. 368 (1964).

of the murder."); *State v. Sims*, 304 S.C. 409, 420, 405 S.E.2d 377, 383 (1991) (holding a police officer's testimony that a third party told him Sims had a gun and was going to kill someone was not hearsay because "it was not offered to prove that Sims intended to kill" someone; rather, "the evidence was offered to explain the officer's actions in restraining Sims when he reached towards his pocket.").

2. The trial court's admission of Broadway's confession is supported by evidence in the record.  *See State v. Parker*, 381 S.C. 68, 74, 671 S.E.2d 619, 621 (Ct. App. 2008) ("In criminal cases, the appellate court sits to review errors of law only."); *id*. ("This court is bound by the trial court's factual findings unless they are clearly erroneous."); *id*. at 74, 671 S.E.2d at 662 ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("When reviewing a trial court's ruling concerning voluntariness, [an appellate c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence.").  When questioned by law enforcement, Broadway did not unambiguously request counsel because his request for law enforcement to call "Chase Payne" was not sufficiently clear for a reasonable police officer in the circumstance to understand his request to be a request for an attorney.  *See Davis v. United States*, 512 U.S. 452, 454 (1994) ("Law enforcement officers must immediately cease questioning a subject who has clearly asserted his right to have counsel present during custodial interrogation."); *id*. at 456-57 ("The Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings, . . . and before proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel."); *id*. at 457 ("Nevertheless, we held in *Miranda v. Arizona*, 384 U.S. 436 . . . (1966), that a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins."); *id*. at 459 ("Invocation of the *Miranda* right to counsel 'requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.'" (quoting *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991))); *id*. ("[T]he suspect must unambiguously request counsel."); *id*. ("[The suspect] must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."); *id*. ("If the statement fails to meet the requisite level of clarity, Edwards does not require that the officers stop questioning the suspect."); *id*. at 462 ("[W]e are unwilling to create a third layer of prophylaxis to prevent police questioning when the suspect might want a lawyer.  Unless the suspect actually

requests an attorney, questioning may continue."); *State v. Jett*, 423 S.C. 415, 420 21, 814 S.E.2d 635, 637 (Ct. App. 2018) (holding the defendant's statement—"Where my lawyer at?"—and lack of expansion on the statement before continuing to talk to law enforcement was ambiguous and equivocal such that a reasonable officer could not determine whether it was an invocation of counsel); *cf. State v. Kennedy*, 333 S.C. 426, 430, 510 S.E.2d 714, 715-16 (holding the defendant's statement—"I think I need a lawyer present"—was unambiguous and sufficiently clear such that a reasonable police officer in the same circumstance would understand the statement to be a request for an attorney). There is evidence to support the trial court's determination that Broadway's confession was voluntary because law enforcement informed him of his rights immediately upon contact with him, they did not promise Broadway anything, and they did not threaten him. *See State v. Miller*, 375 S.C. 370, 384, 652 S.E.2d 444, 451 (Ct. App. 2007) (holding the test of voluntariness applied by the trial court takes into consideration the totality of the circumstances of the accused's interrogation (citing *Dickerson v. United States*, 530 U.S. 428, 434 (2000))); *id*. at 386, 652 S.E.2d at 452 (explaining the totality of circumstances test in South Carolina considers "background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency" in determining whether a statement was voluntarily given).

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.