**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Penland, Appellant,

v.

Key Largo Mobile Home Park, Respondent.

Appellate Case No. 2022-000513

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-200
Submitted May 1, 2024 – Filed May 29, 2024

———————

**AFFIRMED**

———————

Tucker S. Player, of Player Law Firm, LLC, of Chapin;
and Eric Gillespie Armstrong, of Nation Law Firm, P.C.,
of Georgetown, both for Appellant.

Jason Preston Boan, of Boan Law Firm, LLC, of Surfside
Beach; and Marissa Noelle Drost, of The Floyd Law
Firm PC, of Surfside Beach, both for Respondent.

———————

**PER CURIAM:** Kevin Penland appeals an order of the circuit court affirming the magistrate's order of eviction in an ejectment action filed by Key Largo Mobile Home Park. On appeal, Penland argues (1) the circuit court erred in not remanding

the eviction matter to the magistrate court for a jury trial and (2) the circuit court failed to apply the Manufactured Home Park Tenancy Act (MHPTA).[1] We affirm pursuant to Rule 220(b), SCACR.

1. We hold the issue of whether the magistrate issued the writ of ejectment in violation of Penland's right to a jury trial is not preserved for appellate review. The circuit court issued a Form 4 order that did not address any of Penland's specific arguments and Penland failed to file a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to request a ruling on these arguments. *See Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the trial court to rule on the issue in order to preserve it for appeal."); *Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 22 n.11, 698 S.E.2d 612, 623 n.11 (2010) ("[T]he circuit court has the authority to hear motions to alter or amend when it sits in an appellate capacity and such motions are required to preserve issues for appeal where the circuit court fails to rule on an issue."); *Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling."). As to the arguments regarding the burden of proof required for an eviction, we hold these arguments are not preserved for appellate review because Penland did not present them to the magistrate court. *See State v. Gault*, 375 S.C. 570, 573, 654 S.E.2d 98, 100 (Ct. App. 2007) (explaining an issue is not preserved for appellate review if it was not raised to the magistrate court). Further, we hold Penland's *ex parte* communications argument is not properly before this court because Penland did not raise it in his appellate brief to this court and only addressed the issue in his reply brief. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief.").

2. We hold the issue of whether the circuit court failed to apply the MHPTA is not preserved for review because Penland failed to raise this issue to the circuit court. *See Bowers v. Thomas*, 373 S.C. 240, 247, 644 S.E.2d 751, 754 (Ct. App. 2007) ("An issue not raised to and ruled upon by the court is not preserved for appeal."); *State v. Bailey*, 368 S.C. 39, 44, 626 S.E.2d 898, 900 (Ct. App. 2006) (explaining that in an appeal from the magistrate court to the circuit court where an issue was

---

[1] S.C. Code Ann. §§ 27-47-10 to -620 (2007).

not brought to the attention of circuit court, it is not appropriate for this court to review it).

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.